THE STATE OF OHIO, APPELLEE, *v.* BICKERSTAFF, APPELLANT.

[Cite as State *v.* Bickerstaff (1984), 10 Ohio St. 3d 62.]

(No. 83-85—Decided April 11, 1984.)

*Mr. Gregory W. Happ,* prosecuting attorney, *Mr. Dean Holman* and *Mr. John N. Porter,* for appellee.

*Messrs. Palecek, McIlvaine & Foreman* and *Mr. James R. McIlvaine,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* urging affirmance for *amicus curiae,* Cuyahoga County Prosecutor.

HOLMES, J. The issues presented on appeal are twofold. One, does the Ohio multiple-count statute, as provided in R.C. 2941.25, bar appellant's convictions for aggravated robbery and aggravated murder? And, two, was there a violation of appellant's right to a speedy trial pursuant to R.C. 2945.71 *et seq.?*

The court of appeals answered each of the above issues in the negative. For the reasons set forth below, we affirm.

As a prelude to the first issue, we feel compelled to address whether appellant's guilty plea to grand theft invokes double jeopardy protection against the charges for aggravated robbery and aggravated murder based upon felony murder.

It is well-established that the Double Jeopardy Clause prohibits the state from trying a defendant for a greater offense after a conviction of a lesser included offense. *Brown* v. *Ohio* (1977), 432 U.S. 161. However, in the case *sub judice,* we are not confronted with a previous conviction of a lesser included offense.

Appellant no longer stands convicted of grand theft as the court of appeals vacated that portion of the jury's verdict. Notwithstanding that fact, we believe that appellant committed numerous crimes which were distinctly separate and her guilty plea to grand theft was nothing more than her election to sever a portion of a single prosecution. See *Jeffers* v. *United States*

(1977), 432 U.S. 137. In reality, counsel has attempted to create an issue of double jeopardy where none had previously existed.

In specifically addressing the first issue, appellant argues that Ohio's multiple-count statute as set forth in R.C. 2941.25 bars her convictions for grand theft, aggravated robbery, and aggravated murder. However, as previously stated, the appellate court vacated appellant's grand theft conviction. Therefore, we need not address the issue of whether grand theft is a lesser included offense of aggravated robbery as in the absence of a cross-appeal by the prosecution the grand theft conviction is not before this court.

Also due to the appellate court's ruling, we are not confronted with the situation presented in *State* v. *Johnson* (1983), 6 Ohio St. 3d 420, certiorari granted (1984), 52 U.S.L.W. 3550. In *Johnson,* this court held that aggravated robbery was an allied offense of similar import to theft for the purposes of R.C. 2941.25(A), and that a conviction for involuntary manslaughter entered upon a guilty plea barred a subsequent conviction for murder under the Double Jeopardy Clause, since involuntary manslaughter was a lesser included offense of murder. *Id.* at paragraphs one and two of the syllabus. However, with the absence of the underlying theft offense in the present appeal, we must only ascertain whether appellant may be consecutively sentenced on her numerous convictions for aggravated robbery and aggravated murder.

In determining the constitutionality of a trial court's imposition of consecutive sentences in a single criminal proceeding, the ambit of appellate review is limited to insure that the trial judge did not exceed the sentencing authority granted by the General Assembly. *Missouri* v. *Hunter* (1983), 74 L.Ed. 2d 535; *Albernaz* v. *United States* (1981), 450 U.S. 333, 344; *Whalen* v. *United States* (1980), 445 U.S. 684, 688-689; *Brown, supra,* at 165; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], paragraph one of the syllabus, certiorari denied (1983), 75 L.Ed. 2d 430. Therefore, the dispositive question is whether the General Assembly authorized separate punishments for the crimes committed by the appellant.

To answer this inquiry, we must indeed turn to this state's multiple-count statute, R.C. 2941.25, which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In *State* v. *Moss, supra,* at 519, this court found that the clear language of the statute "has authorized trial courts, in a single criminal proceeding, to convict and to sentence a defendant for two or more offenses, having as their

genesis the same criminal conduct or transaction, provided that the offenses (1) were not allied and of similar import, (2) were committed separately or (3) were committed with a separate animus as to each offense." Today, we reaffirm this interpretation of the statute and note that the standard is disjunctive in nature. Furthermore, we are of the opinion that the crimes of aggravated robbery and aggravated murder are not allied offenses of similar import.

In reaching this conclusion we are guided by principles set forth in previous decisions of this court. In *State* v. *Donald* (1979), 57 Ohio St. 2d 73 [11 O.O.3d 242], we recognized that in order for two crimes to constitute allied offenses, the crimes and their elements must correspond to such a degree that commission of one offense constitutes commission of the other offense. See, also, *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373].

Further, in *State* v. *Moss, supra,* we held that aggravated burglary and aggravated murder were not allied offenses of similar import. *Id.* at paragraph two of the syllabus. In explaining our rationale, Justice Locher stated, "[t]he two offenses are not prerequisites, one for the other. To consummate either offense, the other need not be committed. Aggravated murder and aggravated burglary are never merely incidental to each other * * *." *State* v. *Moss, supra,* at 520.

Today, we find that aggravated murder, as defined in R.C. 2903.01, is not an allied offense of similar import to aggravated robbery, as defined in R.C. 2911.01, for purposes of R.C. 2941.25(A). Clearly, the crimes and their elements do not correspond to such a degree that commission of one offense constitutes commission of the other, nor is the commission of one merely incidental to the other. Thus, the trial judge acted within the sentencing authority of R.C. 2941.25(B) when he sentenced appellant on the convictions for aggravated robbery and aggravated murder.[1]

Finally, appellant contends that she was not brought to trial on the charges contained in the January indictment in a timely manner pursuant to the requirements of R.C. 2945.71. Appellant asserts that the numerous motions presented to the court on her behalf were made in reference to charges within the November indictment and did not apply to the January indictment. We are not persuaded by appellant's argument as it does not reach the crux of this issue.

Under R.C. 2945.71(C)(2), a person against whom a felony charge is

---

[1] Inasmuch as it is apparent from a reading of R.C. 2941.25 that the trial court did not exceed its sentencing authority, appellant nonetheless contends that the rule pronounced in *Blockburger* v. *United States* (1932), 284 U.S. 299, compels this court to reach a contrary result. However, we do not need to resort to the *Blockburger* test in determining the constitutionality of the trial court's pronouncement of sentence. In *Albernaz, supra,* at 340, the United States Supreme Court recognized that the rule pronounced in *Blockburger* is a rule of statutory construction and is not controlling where there is a clear indication of legislative intent. See, also, *Hunter, supra.* We believe that R.C. 2941.25 is a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses. We, therefore, decline to apply the *Blockburger* test in the case *sub judice.*

pending must be brought to trial within two hundred and seventy days after arrest. In addition, each day that the accused is incarcerated in lieu of bail is counted as three days under the statute.

R.C. 2945.72 allows certain well-defined extensions of time in calculating the speedy trial requirement of R.C. 2945.71. Specifically, division (E) provides:

"Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

It is evident from a reading of the statute that a motion to dismiss acts to toll the time in which a defendant must be brought to trial. Appellant filed separate motions to dismiss the January indictment on January 13 and 20, 1981. The trial court did not rule upon the motions until May 11, 1981. Therefore, the time that elapsed while the motions were pending is not included for purposes of R.C. 2945.71.

The time for speedy trial commences to run the day after a juvenile court relinquishes jurisdiction. See *State, ex rel. Williams,* v. *Court of Common Pleas* (1975), 42 Ohio St. 2d 433, 435 [71 O.O.2d 410]. Under the facts of this case, appellant was bound over to the grand jury on October 28, 1980. Therefore, time began to run on October 29, 1980. However, even including the time that the first indictment was pending, as required by *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7 [16 O.O.3d 4], appellant was timely brought to trial on May 19, 1981, as ninety days had not elapsed on such date.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.