831 F.2d 298
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willis F. WILLIAMS, Petitioner-Appellant,
v.
R.C. MARSHALL, Supt., Respondent-Appellee.
 No. 87-3122.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Petitioner appeals from the district court's October 29, 1986 order dismissing his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Respondent contends that petitioner failed to file a timely notice of appeal. However, petitioner filed a timely motion for an extension of time in which to file a notice of appeal on December 23, 1986 pursuant to Fed. R. App. P. 4(a)(5). The district court granted petitioner's motion on January 22, 1987, and the record reflects that a notice of appeal from the October 29, 1986 judgment was filed that same day. Therefore, petitioner's notice of appeal was timely pursuant to Fed. R. App. P. 4(a)5), and this court has jurisdiction over this appeal.
 
 
 3
 Petitioner's sole claim on appeal is that the imposition of consecutive sentences for aggravated murder and aggravated robbery under Ohio law violated the double jeopardy clause of the United States Constitution. Petitioner concedes that this precise question was conclusively decided against him by the Supreme Court in Missouri v. Hunter, 459 U.S. 359 (1983). We agree that this decision is dispositive of petitioner's claim because the Ohio Supreme Court has expressly ruled that consecutive sentences. have been specifically authorized by the Ohio legislature, State v. Bickerstaff, 10 Ohio St. 3d 62, 461 N.E.2d 892 (1984), a ruling which is binding upon this court. Missouri v. Hunter, 459 U.S. at 368. Therefore, petitioner correctly concludes that this court is bound to affirm the judgment of the district court with regard to his double jeopardy claim.
 
 
 4
 It is therefore ORDERED that the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.