Defendant Robert Dean Wise appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, convicting and sentencing him for two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, and one count of aggravated possession of drugs in violation of R.C. 2925.11, after a jury found him guilty. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 FIRST ASSIGNMENT OF ERROR
 APPELLANT'S SPEEDY TRIAL RIGHTS WERE VIOLATED AS TO COUNT THREE HEREIN.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT'S FAILURE TO TIMELY JOURNALIZE AN ENTRY REGARDING THE PRETRIAL CONTINUANCE HEREIN VIOLATES APPELLANT'S SPEEDY TRIAL RIGHTS.
 THIRD ASSIGNMENT OF ERROR
 ALL EVIDENCE OBTAINED AND USED AGAINST APPELLANT HEREIN WAS OBTAINED ILLEGALLY AND/OR IMPROPERLY THEREFORE APPELLANT'S CONVICTIONS MUST BE REVERSED.
The State alleged appellant made two sales of drugs to an undercover drug informant in January of 1997. In February of 1997, officers executed a search warrant of appellant's home and found 22.3 grams of methamphetamine. The timetable of procedural events as summarized by appellee is as follows:
February 8, 1997 Date of arrest February 14, 1997 Bond posted February 21, 1997 Appellant indicted in Case No. 97-CR-0045 (Count 1 and 2) March 3, 1997 Motion to Dismiss and Motion to Suppress filed. May 14, 1997 Motions withdraw by Appellant June 16, 1997 Appellant arrested on charge that became third count. June 16, 1997 Appellant files Motion to Dismiss July 1, 1997 Attorney Robert Suhr granted leave to withdraw July 23, 1997 Appellant indicted in Case No. 97-CR-0203 (Count 3) August 4, 1997 Request for Bill of Particulars and Request for Discovery filed in Case No. 97-CR-0203, but apparently not received by State. August 11 1997 Appellant arraigned in 97-CR-0203, J. Tullis Rogers appointed in 97-CR-0045, oral hearing on Appellant's Motion to Dismiss heard in 97-CR-0045. August 13, 1997 Pretrial scheduled for 8/29 in 97-CR-0203 September 18, 1997 Journal Entry continuing pretrial at Appellant's request. September 19, 1997 Court issues Entry overruling Motion to Dismiss for outrageous government conduct September 26, 1997 Appellant bonds out of jail October 6, 1997 Defendant files Motions to Continue October 7, 1997 Defendant files Speedy Trial Waiver until trial can be reset October 7, 1997 Original trial date October 24, 1997 Appellant files Motion to Dismiss for speed trial purposes in both cases October 28, 1997 Appellant files a Motion to Continue November 13, 1997 Oral hearing on Speedy Trial Motions December 1, 1997 Court issues written decision overruling motion. December 3, 1997 Court schedules jury trial for 12/30 December 22, 1997 Defendant files another Motion to Continue December 22, 1997 Entry continuing trial to 1/27/98 January 27, 1998 Jury trial commences
 I and II
Appellant's first two assignments of error relate to complimentary issues, and we will discuss them together for clarity.
Appellant moved to dismiss count three on speedy trial grounds. The trial court's entry overruling the motion found the time began to run on count three on June 16, 1997, when appellant was arrested on that charge. Appellant argues first of all, the trial court should have computed the time as beginning to run from February 8, the date of his original arrest.
In State v. Adams (1989), 43 Ohio St.3d 67, the Ohio Supreme Court found where a new and additional charge is brought arising from the same facts as the original charge, and which the State knew of at the time of the original indictment, the time within which the trial is to begin on the additional charge is subject to the same statutory limitations as the original charge, Adams at 68, citations deleted. As appellant points out, the circumstances which gave rise to the third count of the indictment were the same as the first two, for which appellant was arrested on February 8.
The State replies the various motions appellant filed tolls the time during which the speed trial provisions apply, seeState v. Bickerstaff (1984), 10 Ohio St.3d 62. Appellant urges the time is not tolled against count three for any motion filed on pending counts one and two, because the motions on those prior cases were filed in a separate case. The State urges the time is tolled as to all three. In Bickerstaff, supra, the appellant argued, as does appellant here, that various motions made in reference to charges on a November indictment did not apply to a January indictment against the same defendant. The Supreme Court pronounced itself unpersuaded by the argument, because the appellant had actually filed separate motions to dismiss the January indictment. The court found the time that elapsed while those motions were pending is not included for purposes of speedy trial computation, Bickerstaff at 66, 67. Although Bickerstaff does not provide a great deal of guidance in its dicta, we find the Supreme Court conveys the notion a motion may be directed to only one count of a multiple count indictment, and does not toll the running of time as to the other counts. Accordingly, we find appellant's argument well taken, and we find as to third count of the indictment, the time is not tolled.
The State also argues appellant is not entitled to the triple count provision of R.C. 2945.71(D), because the appellant was not held in jail in lieu of bond solely on the basis of the pending charge. The State argues appellant posted bond in the cases for the other two indictments, but his bond was revoked. The State cites State v. McDonald, which held the triple count provision is applicable only to defendants held in jail in lieu of bail solely on the pending charge.
We find the State's argument is not well taken. As we notedsupra, the State was aware of the facts and circumstances which gave rise to the third count from the very beginning of this case. Appellant originally made bail on the first two counts, but was arrested on the third count, and spent more than three additional months in jail. His bail was revoked because of his arrest on the third charge. Because we are required to treat this situation as though appellant was arrested on all three counts on February 8, appellant's bail would also have affected all three counts together. We find it would be inequitable to hold appellant may not take advantage of the triple count provision under the particular circumstances of this case.
In his second assignment of error, appellant urges the trial court violated the Supreme Court's mandate set forth inState v. Mincy (1982), 2 Ohio St.3d 6, because it did not journalize its grant of a continuance prior to the running of the speedy trial time. The trial court found the speedy trial time as applicable to count three was tolled from August 29, 1997, until September 25, 1997, because appellant moved to continue a pre-trial scheduled for August 29. Appellant points out there was no written motion in the record, and the court did not journalize the motion until September 18, 1997. The speedy trial date, if not tolled by the motion to continue, would have run on August 29.
Setting aside the issue of whether appellant moved for a continuance, we find any entry journalizing the continuance should have been filed prior to August 29, 1997. The court's failure to journalize the entry until September 18 violates the Supreme Court's directive in Mincy, supra.
We find although the facts and circumstances surrounding this case are unusual to say the least, nevertheless, a reading of the statutory and case law applicable herein requires us to find that the trial court violated appellant's speedy trial rights in overruling his motion to dismiss the third count of the indictment.
The first and second assignments of error are sustained.
 III
In his third assignment of error, appellant cites Anders v.California (1967), 386 U.S. 738, and urges us to find where the State obtains evidence from a confidential informant by making promises of leniency the evidence obtained must be suppressed. Appellant cites us to U.S. v. Singleton (July 1, 1998 10th Cir. Ct. of Appeals), Case No. 97-3178, unreported. Appellant admits the court vacated its holding therein on July 10, 1998. Appellant also concedes he found no Ohio case in accord.
We find the trial court did not err in finding the evidence obtained against appellant was obtained legally and was admissible.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed in part and reversed in part, and appellant's conviction on count three, case number 97CR2023, is vacated. The cause is remanded to the court for resentencing.
By Gwin, P.J., Edwards, J., concur.
Hoffman, J., concurs, separately.
-------------------
-------------------
 ------------------- JUDGES