DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Richard J. Pitts, appeals his convictions by the Summit County Court of Common Pleas for engaging in corrupt activity and trafficking in marijuana. We affirm.
On December 3, 1998, following his arrest on November 20, 1998, Defendant was indicted on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A); one count of conspiracy to engage in a pattern of corrupt activity, in violation of R.C. 2923.32(A) and R.C. 2923.01(A)(2); three counts of trafficking in cocaine, in violation of R.C. 2925.03; four counts of trafficking in marijuana, in violation of R.C. 2925.03; one count of possession of marijuana, in violation of R.C.2925.11; and two counts of aggravated funding of drug trafficking, in violation of R.C. 2925.05(C)(1). Defendant pleaded not guilty to the charges at an arraignment conducted on December 9, 1998. At that time, the trial court continued the bond previously set and ordered Defendant's confinement in the Summit County Jail.
On December 11, 1998, Defendant moved for a reduction in bond. The trial court denied the motion on December 18, 1998. On January 15, 1999, Defendant moved for a bill of particulars and to dismiss the conspiracy charge. At that time, Defendant also filed numerous motions for discovery pursuant to Crim.R. 16. A hearing on the discovery motions was conducted on January 20, 1999. All outstanding discovery motions were withdrawn on March 8, 1999. On March 19, 1999, the trial court set a status conference for March 23, 1999. The conference was continued to March 30, 1999; the court noted that this continuance was on Defendant's motion. At that time, trial was scheduled for April 14, 1999.
On the day set for trial, Defendant moved for discharge from prison, alleging that the State had failed to bring him to trial within the timeframe prescribed by R.C. 2945.71. On April 19, 1999, the trial court journalized an order resulting from the hearing conducted on January 20, 1999, in which the court ruled that the time period from December 15, 1998, to January 20, 1999, was tolled by Defendant's outstanding motions. The court also concluded that the time continued to be tolled in favor of the State because a motion to return items of personal property, filed by Defendant on December 15, 1998, remained outstanding. Defendant moved to vacate the April 19, 1999, order, arguing that the trial court's order purporting to toll the speedy trial statute was a legal nullity.
On May 18, 1999, the trial court denied Defendant's outstanding motions for discharge and to vacate the April 19, 1999, journal entry. The court ordered that its order journalized on March 29, 1999, be amended nunc pro tunc to delete references to a continuance at Defendant's request. Defendant entered a plea of no contest to one charge of engaging in corrupt activity and three charges of trafficking in marijuana.[1] The trial court found Defendant guilty of each charge and sentenced him to consecutive prison terms totaling ten years and aggregate fines totaling $50,000.00. This appeal followed.
Defendant has advanced three assignments of error in support of this appeal, which are consolidated for ease of disposition:
 It was error for the trial court to deny [Defendant's] motion to discharge for failure to comply with the speedy trial provisions of Sections 2945.71 and 2945.72, Revised [C]ode of Ohio.
 The trial court's attempt to toll the speedy [trial] statute by a journal entry prepared and filed after the 90-day period had elapsed, was ineffective to bar operation of the statute.
 [Defendant] established a prima facie case for speedy trial discharge by asserting his continuous confinement, in lieu of bail only, for 145 days, and [in] the state's failure to present evidence demonstrating he was not entitled to discharge required the court to grant [Defendant's] motion.
 In these assignments of error, Defendant has argued that the trial court incorrectly denied his motion for discharge pursuant to R.C. 2945.73(B). We disagree.
Any person charged with a felony offense in Ohio must be brought to trial within two hundred seventy days of arrest. R.C.2945.71(C)(2). For purposes of computing this time, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). The time within which a defendant must be tried may be extended by those factors specified by statute, including "any period of delay necessitated by reason of a * * * motion * * * instituted by the accused." R.C. 2945.72(E).
Defendant was arrested on November 20, 1998, and held in jail in lieu of posting bond up to and including the date set for trial, April 14, 1999. The total period of this confinement equaled one hundred forty-three days, excluding the date of arrest. The trial court, in its journal entry dated April 19, 1999, concluded that the period of five days between the filing of Defendant's discovery motions and the January 20, 1999, hearing tolled the speedy trial period. Further, the trial court apparently concluded that Defendant's motion for the return of personal property that was filed on December 15, 1998, remained pending and continued to toll the time in favor of the State up to and including the date set for trial.
Defendant has argued that the trial court's conclusion that the speedy trial period was tolled by his discovery motions is incorrect because these motions did not result in an actual delay. Assuming, arguendo, that this argument has merit, we are still unable to conclude that Defendant was not scheduled for trial within the allowable timeframe. On January 15, 1999, Defendant moved to dismiss the conspiracy charge contained in count two of the indictment. A motion to dismiss tolls the time in which a defendant must be tried. State v. Bickerstaff (1984), 10 Ohio St.3d 62,67. The trial court dismissed this charge simultaneously with Defendant's no contest plea. The period of time during which this motion was pending properly tolled operation of R.C. 2945.71 in favor of the State dating from January 15, 1999. Even assuming that no other occurrences tolled the speedy trial period in favor of the state, Defendant's total period of incarceration prior to January 15, 1999, totaled fifty-five days, well within the effective statutory allowance of ninety days. See R.C. 2945.71(E). His assignments of error are, therefore, without merit.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ WILLIAM R. BAIRD
FOR THE COURT WHITMORE, J.
BATCHELDER, J. CONCUR
[1] All remaining charges, and a major drug offender specification, were dismissed.