The STATE of Ohio, Appellee and Cross–Appellant,

v.

LOWE, Appellant and Cross–Appellee.

[Cite as *State v. Lowe*, 164 Ohio App.3d 726, 2005-Ohio-6614.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–1189.

Decided Dec. 13, 2005.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee and cross-appellant.

Todd W. Barstow, for appellant and cross-appellee.

---

Travis, Judge.

{¶ 1} Appellant, Lavern Lowe, appeals her conviction of one count of endangering children and one count of involuntary manslaughter. The state of Ohio cross-appeals from the decision of the trial court that found both convictions merged for purposes of sentencing.

{¶ 2} On November 13, 2002, the Franklin County Grand Jury returned a five-count indictment charging appellant with murder, felonious assault, two counts of endangering children, and one count of involuntary manslaughter.

{¶ 3} Following a jury trial that began on August 3, 2004, appellant was found guilty of Counts 4 and 5 of the indictment, endangering children and involuntary manslaughter. The jury was unable to agree upon a verdict on the remaining counts.

{¶ 4} A presentence investigation was ordered. The trial court conducted a sentencing hearing on September 28, 2004. The trial court found that the endangering-children and involuntary-manslaughter counts merged for purposes of sentencing. R.C. 2941.25(A). Accordingly, the court imposed a single sentence for the two offenses.

{¶ 5} Appellant presents a single assignment of error:

The state's improper elicitation of other act and character evidence deprived appellant of a fair trial and due process of law.

{¶ 6} Although appellant's assignment of error refers to "other act and character evidence," appellant's brief in support is limited to the argument that the prosecution did not have a good-faith basis to engage in the inquiry.

{¶ 7} On direct examination, appellant testified that although she shook the child victim, she did so only after she found the child lying between two playground slides. Appellant stated that the child must have fallen from the slide, implying that the injuries were accidental. During cross-examination, in an attempt to rebut the claim of accidental injury, counsel for the state asked about a prior incident in which a three-month-old child had died while in appellant's care. An objection was sustained and the trial court instructed the jury to disregard the question and answer. Subsequently, during re-cross-examination, appellant was asked if any other children had been removed from her care as a babysitter. An objection was sustained, and a limiting instruction was given.

{¶ 8} Appellant argues that the state failed to affirmatively demonstrate that there was a good-faith basis for the questions posed by the prosecution. Appellant states that in the absence of an explanation of the good-faith basis for inquiry, this court should presume that no such basis existed.

{¶ 9} It is improper to attempt to prove a case by insinuation or innuendo, rather than with evidence. Questions that are not based on fact or for which there is no good-faith basis are improper.

{¶ 10} By its nature, cross-examination often involves a tentative and probing approach to testimony given on direct examination. *State v. Gillard* (1988), 40 Ohio St.3d 226, 231, 533 N.E.2d 272. Therefore, the examiner need not lay an evidentiary foundation before posing questions upon cross-examination. It is sufficient if there is a good-faith basis to question the witness on the subject. Id.

■ {¶ 11} Where the good-faith basis for a question is not challenged at the trial level, it is presumed that such a basis exists. "Since the prosecutor's good-faith basis for asking these questions was never challenged, we presume she had one." *Gillard*, supra, 40 Ohio St.3d at 231, 533 N.E.2d 272. See, also, *State v. Davie* (1997), 80 Ohio St.3d 311, 322, 686 N.E.2d 245 ("Davie did not challenge at trial the prosecutor's good-faith basis for the query").

{¶ 12} Here, although appellant objected, appellant did not question whether the prosecutor had a good-faith basis for the questions posed. Therefore, we must presume that such a basis for the question existed. *Gillard*, supra.

■ {¶ 13} Moreover, the record affirmatively demonstrates that there was a factual basis for the questions. Appellant was asked if she remembered a child named Fritz Thomas who had died while in her care. Before defense counsel voiced an objection, appellant responded to the question, saying: "Yes, uh-huh." Clearly, there was a good-faith basis for the question.

■ {¶ 14} Finally, in both instances, after the objections were sustained, the trial court instructed the jury to disregard what had been asked by counsel and, in the first instance, answered by appellant. "Juries are presumed to follow the court's instructions, including instructions to disregard testimony." *State v. Jones* (2000), 90 Ohio St.3d 403, 414, 739 N.E.2d 300. There is nothing in the record that dispels that presumption. Moreover, the jury appears to have been discerning in its review of the evidence, because appellant was found guilty of only two of the five counts of the indictment.

{¶ 15} Upon full review, we find that no error prejudicial to the rights of appellant occurred in the trial court. Therefore, appellant's assignment of error is overruled.

■ {¶ 16} Appellee, the state of Ohio, cross-appeals from the trial court's determination that appellant's convictions for child endangering and involuntary manslaughter merged for purposes of sentencing. Appellee sets forth a cross-assignment of error as follows:

The trial court erred in merging the involuntary manslaughter count with the child endangering count.

{¶ 17} R.C. 2941.25(A), which became effective January 1, 1974, governs sentencing of "allied offenses of similar import." The provision has been the subject of considerable litigation since its adoption.

{¶ 18} An analysis of the application of R.C. 2941.25 to a particular case begins with the double-jeopardy provisions of the federal and state Constitutions. Both the Fifth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution, guard against successive prosecutions. Both provisions also

guard against cumulative punishments for the same offense. R.C. 2941.25 was adopted by the General Assembly to effectuate these constitutional principles. *State v. Thomas* (1980), 61 Ohio St.2d 254, 259–260, 15 O.O.3d 262, 400 N.E.2d 897. This case involves only the protection against cumulative punishments for the "same offense."

{¶ 19} The test for determining whether two offenses are the same for double-jeopardy analysis is whether each requires proof of an element that the other does not. *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. However, even though two offenses may be the "same offense" under *Blockburger* analysis, cumulative punishments, imposed in a single criminal trial, are permissible where cumulative punishments have been authorized by the legislature. *Albernaz v. United States* (1981), 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275. "[T]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Garrett v. United States* (1985), 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764. Therefore, appellate review of imposition of multiple sentences is limited to whether the trial court exceeded its sentencing authority provided by the legislature. *Albernaz*, supra.

{¶ 20} The Ohio Supreme Court has applied the decisions of the United States Supreme Court to double-jeopardy analysis under the Ohio Constitution. See *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 65, 10 OBR 352, 461 N.E.2d 892. Therefore, we are directed to apply R.C. 2941.25 to determine the intent of the General Assembly in cases involving multiple counts.

{¶ 21} Through adoption of R.C. 2941.25, the General Assembly intended to permit cumulative punishments for the commission of certain offenses. Id. at 66, 10 OBR 352, 461 N.E.2d 892. If the offenses are of dissimilar import, cumulative punishments are authorized. Determining whether two offenses are of similar or dissimilar import under R.C. 2941.25 requires analysis of the elements of each offense in the abstract. *State v. Rance* (1999), 85 Ohio St.3d 632, 638, 710 N.E.2d 699.

{¶ 22} In the abstract, the elements of involuntary manslaughter, R.C. 2903.04(A) and endangering children, R.C. 2919.22, do not correspond to the degree that commission of one automatically results in the commission of the other. Therefore, the two offenses are of dissimilar import and the General Assembly has authorized sentencing on both. Id.; see, also, *State v. Butts* (Mar. 7, 2000), Franklin App. No. 99AP–576, 2000 WL 254317.

{¶ 23} In *Butts*, we found that by following the comparison-of-elements test, involuntary manslaughter and endangering children were offenses of dissimilar import. Involuntary manslaughter does not always involve victims less than 18

years of age and does not require the perpetrator to be a parent, guardian, or person with similar custodial responsibility. Likewise, endangering children is not always the predicate offense for involuntary manslaughter.

{¶ 24} Appellant argues that *Rance* is no longer authoritative because subsequent to that decision, the Ohio Supreme Court employed a case-specific, factual analysis rather than analysis in the abstract to determine whether sentences for both involuntary manslaughter and endangering children were authorized by law. See *State v. Cooper*, 104 Ohio St.3d 293, 2004-Ohio-6553, 819 N.E.2d 657. We disagree that *Rance* no longer states the law in this area.

{¶ 25} In *Cooper*, the Ohio Supreme Court did not reach the issue of whether involuntary manslaughter and endangering children were allied offenses of similar import. Instead, the court simply found that the offenses were committed separately, and therefore, no further analysis was required. Moreover, the *Cooper* court expressly stated that "[o]ur decision does not alter our holding in *Rance*, because *Rance* is not implicated by the facts of this case." Id. at ¶ 29. Thus, appellant's reliance upon *Cooper* is unfounded.

{¶ 26} Appellant also seeks support in *State v. Fears* (1999), 86 Ohio St.3d 329, 715 N.E.2d 136. In *Fears*, the Ohio Supreme Court held that kidnapping and robbery specifications in a capital case merged. The court recognized that every robbery automatically includes the incidental restraint of the victim sufficient to accomplish the robbery. Thus, technically, every robbery involves a kidnapping. However, specifications that are merely incidental to the primary specification are duplicative and may not be used to enhance the possibility of obtaining a capital sentence. "In the penalty phase of a capital prosecution, where two or more aggravating circumstances arise from the same act or indivisible course of conduct and are thus duplicative, the duplicative aggravating circumstances will be merged for purpose of sentencing." Id. at 344, 715 N.E.2d 136. *Fears* involved consideration of capital specifications and review of whether a death sentence was appropriate. *Fears* did not involve sentencing upon multiple counts of criminal offenses.

{¶ 27} Moreover, even if there were a question of the continued vitality of *Rance* after *Fears*, the Ohio Supreme Court has settled it by continuing to employ the *Rance* abstract analysis of the elements of offenses when faced with the question of legislative intent to permit cumulative sentencing. *State v. Childs* (2000), 88 Ohio St.3d 558, 561, 728 N.E.2d 379. *Fears* did not alter, modify, or overrule the abstract-analysis test required by *Rance*.

{¶ 28} Finally, we note that the Ohio Supreme Court has consistently held that predicate offenses do not merge into felony murder or involuntary manslaughter. See *State v. Campbell* (2000), 90 Ohio St.3d 320, 738 N.E.2d 1178. In *Campbell*, the defendant argued that he should not be sentenced for both felony murder and

the underlying kidnapping. "[I]t is well established that 'felony-murder under R.C. 2903.01(B) is not an allied offense of similar import to the underlying felony. * * * That being the case, R.C. 2941.25 authorizes punishment for both crimes * * *.' " Id. at 347, 738 N.E.2d 1178, quoting *State v. Keene* (1998), 81 Ohio St.3d 646, 668, 693 N.E.2d 246; *State v. Moss* (1982), 69 Ohio St.2d 515, 520, 23 O.O.3d 447, 433 N.E.2d 181; *Bickerstaff,* 10 Ohio St.3d 62, 10 OBR 352, 461 N.E.2d 892. Logic dictates that if felony murder and the underlying felony are not allied offenses of similar import, then involuntary manslaughter and the underlying felony are not allied offenses of similar import.

{¶ 29} Cumulative sentences for both involuntary manslaughter and endangering children are authorized by R.C. 2941.25. Therefore, we sustain the assignment of error raised by cross-appellant, the state of Ohio.

{¶ 30} Having fully reviewed all issues, we overrule appellant's single assignment of error and affirm appellant's convictions for involuntary manslaughter and endangering children. We sustain the cross-assignment of error of the state of Ohio. This matter is reversed, and the cause is remanded to the trial court for further sentencing proceedings in conformity with law and this decision.

Judgment reversed
and cause remanded.

SADLER and McGRATH, JJ., concur.