OPINION *Page 2 
{¶ 1} On January 9, 2007, the Stark County Grand Jury indicted appellant, Jaycie Miller, on two counts of aggravated vehicular homicide in violation of R.C. 2903.06 and two counts of operating a motor vehicle under the influence in violation of R.C. 4511.19. Said charges arose from a motor vehicle accident wherein appellant was the driver of the vehicle. The passenger in the vehicle, Kylie Rock, was killed.
 {¶ 2} On April 18, 2007, appellant pled guilty as charged. By judgment entry filed April 25, 2007, the trial court sentenced appellant to an aggregate term of four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY CONVICTING JAYCIE MILLER OF MORE THAN ONE ALLIED OFFENSE OF SIMILAR IMPORT."
 II {¶ 5} "JAYCIE MILLER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION."
 I {¶ 6} Appellant claims the trial court erred in convicting her on more than one allied offense of similar import. We agree. *Page 3 
 {¶ 7} Appellant plead to and was convicted of two counts of aggravated vehicular homicide in the death of Kylie Rock in violation of R.C.2903.06(A)(1) and (2), and operating a motor vehicle under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19(A)(1)(a) and (j). By judgment entry filed April 25, 2007, the trial court sentenced appellant to four years on each count of aggravated vehicular homicide, to be served concurrently with each other, and concurrently with the one hundred eighty day sentences imposed on each count of operating a motor vehicle under the influence, for an aggregate term of four years in prison.
 {¶ 8} R.C. 2941.25 governs multiple counts and states the following:
 {¶ 9} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 10} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 11} Both R.C. 2903.06(A)(1) and R.C. 2903.06(A)(2) contain the prohibited act of "causing the death of another." The only difference is the additional element of "recklessness" in R.C. 2903.06(A)(2). The only death cited in each of the aggravated vehicular homicide counts involved "Kylie N. Rock." We conclude Counts 1 and 2, the aggravated vehicular homicide counts, are allied offenses of similar import; therefore, *Page 4 
the convictions should have been merged and the state should have chosen a count for sentencing purposes.
 {¶ 12} Appellant further argues the two counts of operating a motor vehicle under the influence are also allied offenses of similar import. We agree the two counts allege one single action; therefore, the convictions should have been merged and the state should have elected which count appellant was to be sentenced to.
 {¶ 13} In State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, paragraphs one and three of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 14} "1. Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. (Newark v. Vazirani [1990], 48 Ohio St.3d 81,549 N.E.2d 520, overruled.)
 {¶ 15} "3. In Ohio it is unnecessary to resort to theBlockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct. (Garrett v.United States [1985], 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764;Albernaz v. United States [1981], 450 U.S. 333, 101 S.Ct. 1137,67 L.Ed.2d 275; State v. Bickerstaff [1984], 10 Ohio St.3d 62, 10 OBR 352,461 N.E.2d 892, approved and followed.)" (Emphasis sic.)
 {¶ 16} The Rance court explained the following at 636: *Page 5 
 {¶ 17} "With its multiple-count statute Ohio intends to permit a defendant to be punished for multiple offenses of dissimilarimport. R.C. 2941.25(B); State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526 N.E.2d 816, 817. If, however, a defendant's actions `can be construed to constitute two or more allied offenses of similarimport,' the defendant may be convicted (i.e., found guilty and punished) of only one. R.C. 2941.25(A). But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B). State v. Jones (1997),78 Ohio St.3d 12, 13-14, 676 N.E.2d 80, 81." (Emphasis sic.)
 {¶ 18} We find the counts of operating a motor vehicle under the influence are not allied offenses to the aggravated vehicular homicide counts under the Rance test; therefore, a sentence for operating a motor vehicle under the influence count is appropriate and does not merge with the sentence on the aggravated vehicular homicide count.
 {¶ 19} Assignment of Error I is granted. The matter is remanded to the trial court to merge the two aggravated vehicular homicide convictions with each other and the two operating a motor vehicle under the influence counts with each other, to have the state elect which respective counts appellant is to be sentenced to, and to have the trial court resentence appellant.
 II {¶ 20} Appellant claims his trial counsel was ineffective for failing to object to the sentences imposed. We disagree. *Page 6 
 {¶ 21} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 22} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 23} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 24} Appellant argues her counsel was ineffective for failing to raise the issue of merger during the plea hearing.
 {¶ 25} Although we have granted appellant's assignment of error on the merger issue, we note appellant was sentenced to concurrent sentences on the felony counts pursuant to a negotiated plea. Pursuant to State v.Butts (1991), 58 Ohio St.3d 250, the sentences on the misdemeanor counts by operation of law merged with the sentences on the felony counts.
 {¶ 26} Upon review, we do not find any deficiency by trial counsel which prejudiced appellant.
 {¶ 27} Assignment of Error II is denied. *Page 7 
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.
 Farmer, J. Gwin, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee. *Page 1