DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Darryl Walker, appeals his sentence out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 16, 2007, Walker was indicted on one count of aggravated murder in violation of R.C. 2903.01(B), a special felony; one count of aggravated burglary in violation of R.C. 2911.11(A)(1)/(A)(2), a felony of the first degree; one count of aggravated robbery in violation of R.C. 2911.01(A)(1)/(A)(3), a felony of the first degree; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. He entered a plea of not guilty at arraignment.
 {¶ 3} On August 24, 2007, Walker filed a notice of not guilty by reason of insanity and requested a psychological evaluation. The trial court ordered a sanity evaluation. On February 7, 2008, on consideration of a stipulated report by the Psycho-Diagnostic Clinic, the trial court *Page 2 
found that Walker was not suffering from a severe mental disease or defect at the time of the commission of the alleged offenses. The trial court scheduled the matter for trial on April 1, 2008.
 {¶ 4} On March 31, 2008, Walker appeared in court, withdrew his prior not guilty plea, and entered a plea of guilty to the charges of aggravated murder and aggravated robbery. The trial court dismissed the charges of aggravated burglary and tampering with evidence upon the State's recommendation.
 {¶ 5} The trial court referred the matter to the Adult Probation Department for a pre-sentence investigation report, including a victim impact statement. On May 9, 2008, the trial court sentenced Walker to life in prison with the possibility of parole after thirty years on the aggravated murder charge. The trial court sentenced Walker to ten years in prison for the aggravated robbery, ordering the sentences to run consecutively. Walker objected to the consecutive sentences, asserting that aggravated robbery must merge into the aggravated murder charge for purposes of sentencing.
 {¶ 6} The trial court appointed appellate counsel and on June 4, 2008, Walker filed a notice of appeal. On August 25, 2008, appellate counsel filed an Anders[1] brief in this Court and requested permission to withdraw as Walker's counsel. Walker was served with a copy of his counsel's brief, and this Court afforded Walker the opportunity to raise arguments after review *Page 3 of the Anders brief. Walker has not responded to his counsel'sAnders brief.
 II. ASSIGNMENT OF ERROR "APPELLANT WAS SENTENCED CONTRARY TO LAW WHEN THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES FOR AGGRAVATED MURDER AND AGGRAVATED ROBBERY."
 {¶ 7} In accordance with Anders, supra, appellate counsel has asserted that "no cognizable issue is present in the case presently before this Court for appeal."
 {¶ 8} R.C. 2941.25(A) states that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 9} In this case, Walker pled guilty to the charges. He objected, however, at sentencing to the imposition of a sentence for both aggravated murder and aggravated robbery, arguing that those offenses, as allied offenses, should merge. This Court has held that "`[w]hen a defendant pleads guilty and then affirmatively raises the issue of allied offenses, the trial court must conduct a hearing to determine whether any of the offenses to which the defendant has pleaded are allied offenses of similar import with a single animus.'" State v.Banks, 9th Dist. No. 24259, 2008-Ohio-6432, at ¶ 22, quoting State v.Thrower (1989), 62 Ohio App.3d 359, 376. Accordingly, although Walker pleaded guilty, because he objected at sentencing, he has not forfeited his right to raise the issue on appeal. Banks at ¶ 22.
 {¶ 10} The trial court heard the parties' arguments at sentencing and found that the offenses were not allied offenses. The Ohio Supreme Court has held that "aggravated murder, as defined in R.C. 2903.01, is not an allied offense of similar import to aggravated robbery, as *Page 4 
defined in R.C. 2911.01, for purposes of R.C. 2941.25(A)." State v.Bickerstaff (1984), 10 Ohio St.3d 62, 66; see, also, State v.Nields (2001), 93 Ohio St.3d 30, 31 (holding that "aggravated robbery and aggravated murder based on the robbery are separate offenses.").
 {¶ 11} Upon this Court's own full, independent examination of the record before us, as well as the applicable law, we find that there are not appealable, non-frivolous issues in this case. See State v.Lowe (Apr. 8, 1998), 9th Dist. No. 97CA006758.
 III. {¶ 12} The judgment of the Summit County Court of Common Pleas is affirmed. Appellate counsel's motion to withdraw as counsel is hereby granted.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
MOORE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Anders v. California (1967), 386 U.S. 738. *Page 1