THE STATE OF OHIO, APPELLEE, *v.* HAYNES, APPELLANT.

(No. 44741—Decided December 16, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Kent R. Minshall, Jr.,* for appellant.

PARRINO, P.J. Trina Ann Haynes, appellant, appeals the denial, on a writ of habeas corpus filed in the court of common pleas, of her request to be released from the custody imposed upon her because of the initiation of extradition proceedings by the state of Texas.

It appears from the record that appellant was arrested in Solon, Ohio, on September 1, 1981 at the request of El Paso law enforcement authorities and that she was brought before the Bedford Municipal Court for a preliminary hearing on September 2, 1981. She was then incarcerated pending the issuance of a governor's warrant for her arrest.

On November 12, 1981, a two-count indictment was issued by an El Paso Grand Jury charging defendant with theft of services and theft of property, both over $200 in value. An application for requisition of the appellant was made upon the Governor of Texas by the El Paso District Attorney on November 13, 1981.

A demand upon the Governor of Ohio by the Governor of Texas for the return of appellant as a fugitive was executed on November 20, 1981 and a warrant for appellant's arrest was issued by the Governor of Ohio on November 27, 1981.

This warrant was presented to the court of common pleas and served on the appellant on December 1, 1981.

At a habeas corpus hearing begun on December 1, 1981 and continued on December 3, appellant contended that she should be released from custody because she had been incarcerated beyond relevant statutory time limits.

Appellant lists in her appellate brief four "Issues of Law" to be resolved by this court:

"1. Whether the Ohio Revised Code speedy trial provisions apply to all uncharged incarcerated persons.

"2. Whether under Ohio Revised Code Section 2963.13, an accused is entitled to discharge at the termination of thirty days.

"3. Whether under Ohio Revised Code Section 2963.14 & 2963.15, a burden is placed upon the state to affirmatively request an extension of detainer time.

"4. Whether if the state does not comply with Ohio Revised Code Section 2963.14 & 2963.15, respectively, an accused is entitled to discharge."[1]

Appellant first contends that the Ohio speedy trial provisions, R.C. 2945.71 to 2945.73, apply to persons incarcerated pending the outcome of extradition proceedings. We disagree.

Defendant has cited no authority, and we have found none, which supports the proposition that these statutes apply to extradition proceedings initiated by another state against a person detained in this state. Since the state of Ohio does not have the authority to determine, by statute, when another state must bring an accused to trial, we doubt that the Ohio Legislature would have intended the speedy trial provisions to have such an effect.[2]

Even assuming *arguendo* that R.C.

---

[1] Appellant has failed to set forth anything denominated an "assignment of error" and has not separately argued each of the above four issues. See App. R. 12(A) and 16(A)(2). Nevertheless, we shall attempt to fairly respond to the issues raised by the appellant.

[2] Section 1(1) of the Article 32A.02 of the Texas Code of Criminal Procedure provides that a motion to set aside an indictment shall be granted if a person accused of a felony is not brought to trial within one hundred twenty days of the commencement of a criminal action against him. Excluded from that one-hundred-twenty-day period under Section 4(5) is any "period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial."

Neither party has cited this statute and we do not decide whether its effect may properly be considered on a writ of habeas corpus filed in a court of this state.

2945.71 to 2945.73 were otherwise applicable to persons in custody in Ohio awaiting extradition to other jurisdictions, R.C. 2945.72 specifically provides:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) *Any period during which the accused is unavailable for hearing or trial,* by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or *by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;*"[3] (Emphasis added.)

Since Texas authorities have exercised reasonable diligence to secure appellant's availability for trial, this section, if applicable, would operate to exclude from speedy trial calculations any period of time during which appellant has been unavailable for trial by reason of the pendency of extradition proceedings.

Furthermore, we find it incongruous for appellant to contest her failure to be brought to trial when she has actively sought to prevent her trial from proceeding by becoming a fugitive and by refusing to waive time-consuming extradition proceedings.

One of the factors to be considered in determining whether an accused has been denied a speedy trial is the reason for the delay in bringing the accused to trial. *Barker* v. *Wingo* (1972), 407 U.S. 514, 529. It is well-established that a period of delay for which an accused is responsible may be excluded from speedy trial calculations. See, generally, Annotation (1958), 57 A.L.R. 2d 302; and R.C. 2945.72 (as to statutory exclusions).

More specifically, where an accused actively absents himself from a trial, escapes, absconds, becomes a fugitive, or resists extradition proceedings intended to bring him to trial, he is generally not entitled to the constitutional protection afforded by the Speedy Trial Clause. See *State* v. *Bauer* (1980), 61 Ohio St. 2d 83 [15 O.O.3d 122] (where defendant fails to appear at scheduled trial, speedy trial time does not begin to run again until he is rearrested); *State* v. *Williams* (1979), 40 N.C. App. 178, 252 S.E. 2d 245, 246-247 (defendant is not denied speedy trial where he *inter alia* resisted extradition); *Holmes* v. *State* (1975), 136 Ga. App. 572, 222 S.E. 2d 121, 122 (defendant's escape and voluntary absence from court waives speedy trial); *Cates* v. *United States* (D.C. App. 1977), 379 A.2d 968, 970, 972 (defendant waived speedy trial where he gave a false name to conceal his identity, became a fugitive, and failed to return to indicting jurisdiction to clear up pending charge); *State* v. *Hale* (1961), 157 Me. 361, 172 A.2d 631, 635-636 (fugitive not entitled to speedy trial protection); *State* v. *Mick* (1981), 229 Kan. 157, 621 P.2d 1006, 1009 (defendant who becomes a fugitive and resists extradition waives speedy trial).

Accordingly, appellant's speedy trial contention is without merit.

Appellant also asserts a failure to comply with certain statutory provisions dealing with extradition proceedings, specifically R.C. 2963.13 to 2963.15.

Appellant's arrest without a warrant was permitted under authority of R.C. 2963.12:

"An arrest may be made by any peace officer or a private person without a war-

---

We also note, by way of analogy, that Article 32A.02 has been held not to be applicable to an extradition proceeding within the state of Texas initiated to extradite a fugitive from another state. *Ex parte McDonald* (Tex. App. 1982), 631 S.W. 2d 222, 224.

[3] This section has been held applicable to a situation in which a person indicted under Ohio law was involved in out-of-state extradition proceedings. *State* v. *Love* (May 8, 1980), Cuyahoga App. No. 41436, unreported.

rant upon reasonable information that the accused stands charged in the courts of any state with a crime punishable by death or imprisonment for a term exceeding one year. When so arrested the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest, as provided in section 2963.11 of the Revised Code. Thereafter his answer shall be heard as if he had been arrested on a warrant."

R.C. 2963.13 further pertinently provides:

"If from the examination before the judge or magistrate it appears that the person held under section 2963.11 or 2963.12 of the Revised Code is the person charged with having committed the crime alleged and that he has fled from justice, the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time, not to exceed thirty days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused furnishes bail or until he is legally discharged."

Pursuant to the above provision, appellant could have been committed by warrant of the court to the county jail for up to thirty days. Furthermore, she could have been recommitted following this thirty-day period for up to sixty additional days as R.C. 2963.15 provides:

"If the accused mentioned in section 2963.14 of the Revised Code is not arrested under warrant of the governor by the expiration of the time. specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or magistrate may again take bail for his appearance and surrender, under said section, but within a period not to exceed sixty days after the date of such new bond."

Therefore, a judge or magistrate, by warrant of the court, could have detained appellant in county jail for up to ninety days following her initial appearance in court to enable her arrest to be made under a warrant issued by the Governor of Ohio.

The record indicates that appellant was brought before the Bedford Municipal Court on September 2, 1981. She was served a governor's warrant on December 1, 1981 and her habeas corpus hearing commenced on that date.

Therefore, appellant was incarcerated for a total of ninety days between her initial appearance in court and the date on which the governor's warrant was served,[4] which was within the limitations period set forth in the relevant statutes.[5]

Appellant, however, contends that the prosecution never requested the sixty-day extension allowed by R.C. 2963.15.

Since appellant has failed to supply this court with a transcript of proceedings or with the original papers filed in Bedford Municipal Court, we are unable to state with assurance what was or was not

---

[4] Applying Crim. R. 45(A) to the computation of the time period involved, we arrive at the ninety-day total as follows:

Sept. 3 to 30 = 28 days  
(under Crim. R. 45[A], September 2 is not counted)  
Oct. 1 to 31 = 31 days  
Nov. 1 to 30 = 30 days  
Dec. 1 = 1 day  

---

90 days

[5] We need not, and do not, decide whether it is necessary for the accused to be actually served with the warrant within ninety days or whether the ninety-day period ends when some other event occurs, e.g., when the governor issues the warrant or it is received by local law enforcement officials. See State v. Wyman (Aug. 20, 1981), Cuyahoga App. No. 43098, unreported. It is therefore possible that in the case sub judice less than ninety days of the limitations period had run.

done at the conclusion of the initial thirty-day period. However, we may indulge the presumption of regularity of proceedings below and presume that an extension was properly obtained.

Furthermore, R.C. 2963.15 does not specify that the prosecution must request an extension of time. The committing court may be deemed to have decided to recommit the appellant by failing to make any other disposition and appellant may be deemed to have waived any procedural irregularities in the initiation of this recommitment by failing to raise an objection thereto.

Finally, appellant presented no evidence nor argument in support of the proposition that she would have been entitled to bail or to a discharge at the conclusion of the initial thirty-day period.

Appellant's contention that a speedy trial issue is raised where the ninety-day period provided for in R.C. 2963.13 and 2963.15 is exceeded is without merit.

These provisions merely set forth a limitations period within which a person charged with an offense in another state can be held without a governor's warrant in Ohio.

Even if the accused were to obtain a release on habeas corpus for having been held beyond the ninety-day period, the statutes do not specifically provide that she could not be arrested again. They do, however, provide that she could not be arrested again without a governor's warrant.

This ninety-day period is sufficient to assure that an accused who is being detained solely for an extraditable offense will not be incarcerated for an interminable period of time while awaiting a hearing on the merits of the extradition. Its limitation to ninety days is an inducement to out-of-state authorities to expedite the procedure insofar as they are capable of doing so or face the risk of the accused being again set at liberty.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JACKSON and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.