OPINION
Appellant Lafayette Davis appeals the decision of the Richland County Court of Common Pleas that denied his motion to dismiss on speedy trial grounds. The following facts give rise to this appeal.
On January 8, 2001, appellant was arrested and subsequently indicted by the Richland County Grand Jury for aiding or abetting aggravated robbery with a gun specification. Following his arrest, the authorities discovered that appellant had an outstanding arrest warrant from the Twenty-Second Judicial Circuit Court of Missouri. Appellant had eight felony counts pending in the Missouri court.
Appellant received a copy of the arrest warrant on the date of his arrest in Mansfield. On this same date, appellant appeared before the Mansfield Municipal Court for his arraignment. In addition to entering a plea of not guilty, appellant executed a waiver of issuance on service of the warrant of arrest pursuant to R.C. 2963.24. By executing this waiver, appellant consented to being delivered forthwith to the custody of the State of Missouri.
Appellant remained incarcerated awaiting trial. The trial court originally scheduled this matter for trial on May 24, 2001. However, upon joint motion of both parties, the trial court granted a continuance and this matter proceeded to trial on July 19, 2001. The day before his trial commenced, appellant filed a motion to dismiss on the basis that he was denied his constitutional right to a speedy trial. Appellant's motion challenged the time period from the day following his arrest, January 9, 2001, until the date the parties filed a joint motion for continuance, May 24, 2001. This time period totaled one hundred thirty-five days, or for speedy trial purposes under the triple count provision,[1] four hundred five days.Appellant argued, pursuant to R.C.2945.71(C)(2), that he had to be brought to trial within two hundred seventy days because once he signed a waiver of extradition, for the pending charges in Missouri, the only charge he was being held on, in Ohio, was the felony charge of aiding or abetting aggravated robbery and therefore, the triple count provision applied. The trial court overruled appellant's motion to dismiss. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to nine years for the armed robbery and three years for the mandatory gun specification.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. WHETHER THE TRIAL COURT IMPROPERLY OVERRULED APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL CONTRARY TO OHIO REVISED CODE SECTIONS 2945.71
THROUGH 2945.73.
 II. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUIRE THE STATE TO DOCUMENT THE VALIDITY OF THE MISSOURI CHARGES, AND FAILING TO REQUIRE THE TRIAL COURT TO STATE FOR THE RECORD FINDINGS OF FACT IN SUPPORT OF ITS DENIAL OF APPELLANT'S MOTION.
 I
In his First Assignment of Error, appellant maintains the trial court erred when it denied his motion to dismiss as he was deprived his constitutional right to a speedy trial. We disagree.
Our standard of review of a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71. Oregon v. Kohne (1997),117 Ohio App.3d 179, 180; State v. DePue (1994), 96 Ohio App.3d 513,516. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97 C.A. 146 and 97 C.A. 148, unreported, at 1. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citingBrecksville v. Cook (1996), 75 Ohio St.3d 53, 57. It is based upon this standard that we review appellant's First Assignment of Error.
The time period appellant challenges is the one hundred thirty-five days from the day following his arrest until the continuance of his first trial date. In support of his motion to dismiss, appellant argued the triple count provision contained in R.C. 2945.71(E)[2] applies to the one hundred thirty-five day period because the extradition proceedings were no longer pending after he signed a waiver of extradition and he was being held on only one case. R.C. 2945.72 addresses the extension of time for hearing and trial and provides in Section (A) as follows:
 The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
Appellant argues that no other criminal proceedings were pending against him once he signed a waiver of extradition and therefore, the time was not extended within which to bring him to trial. Thus, appellant concludes the triple count provision contained in R.C. 2945.71(E) applied and the one hundred thirty-five days, under the triple count provision, should be counted as four hundred five days. The trial court overruled appellant's motion, on the record, and concluded that because appellant was incarcerated for more than one case, the triple count provision did not apply and each day incarcerated counted as a single day for purposes of the speedy trial statute. Tr. Vol. 1 at 141.
We agree with the trial court's conclusion. Although appellant signed a waiver of extradition, the extradition proceedings were still pending for purposes of R.C. 2945.71(A).
 A proceeding is pending when the power of the tribunal to grant that relief is invoked and until the relief is granted or denied. For purposes of R.C. 2945.72(A), an `extradition proceeding' is one commenced by a jurisdiction that has custody of a person which seeks to send him to another jurisdiction, not merely a proceeding held to waive any objection to extradition that the accused might invoke. (Emphasis sic.) State v. Patrick (June 14, 1996), Montgomery App. No. 15225, unreported, at 2.
As such, we conclude that under R.C. 2945.72(A), extradition proceedings remained pending even though appellant signed a waiver of extradition and the triple count provision did not apply to the one hundred thirty-five days at issue. The application of R.C. 2945.72(A) does not toll the time limit absolutely, but merely extends the time period necessary in light of the reason for the delay. See 1974 Committee Comment to H 511. Appellant admits that the triple count provision does not apply immediately upon signature of the extradition waiver. However, appellant proposes that thirty days following the signing of the extradition waiver the triple count provision should apply.
We also disagree with this argument and in doing so, cite the case ofState v. Haynes (1982), 8 Ohio App.3d 119. In Haynes, the Eighth District Court of Appeals held:
 The Ohio speedy trial provisions, R.C. 2945.71 to 2945.73, do not apply to persons incarcerated pending the outcome of extradition proceedings. Id. at syllabus.
In Haynes, the defendant was arrested at the request of El Paso, Texas law enforcement authorities. Id. at 120. Following her arrest, defendant was brought before the Bedford Municipal Court for a preliminary hearing. Id. Defendant was then incarcerated pending the issuance of a governor's warrant for her arrest. Id. The defendant subsequently filed a writ of habeas corpus on the basis that she should be released from custody because she had been incarcerated beyond relevant statutory time limits. Id. On appeal, the court of appeals denied appellant's writ of habeas corpus because the State of Ohio does not have the authority to determine, by statute, when another state must bring an accused to trial, and the court did not believe the Ohio Legislature intended the speedy trial provisions to have such an effect.
We agree with the court's conclusion, in Haynes, and similarly refuse to adopt a time period within which Missouri had to bring appellant to trial for purposes of the speedy trial statutes. Accordingly, R.C.2945.72(A) applied to extend the time within which appellant had to be brought to trial, even though appellant signed a waiver of extradition, as the extradition matters were still pending after the execution of the waiver. We conclude the trial court properly denied appellant's motion to dismiss as the triple count provision contained in R.C. 2945.71(E) did not apply to the one hundred thirty-five days in question.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that defense counsel was ineffective for failing to require the state to document the validity of the Missouri charges and failing to require the trial court to state, for the record, findings of fact in support of its denial of his motion to dismiss. We disagree.
A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370.
The United States Supreme Court and the Ohio Supreme Court have both held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, citing Strickland at 697. Accordingly, we direct our attention to the second prong of the Strickland test.
Having determined, in appellant's First Assignment of Error, that appellant was not denied his constitutional right to a speedy trial, we do not find defense counsel's representation, as it pertains to the speedy trial issue, prejudiced appellant.
Accordingly, we overrule appellant's Second Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.
[1] R.C. 2945.71(C)(2) provides as follows:
 (C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
[2] R.C. 2945.71(E) provides, in pertinent part:
 (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *