DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Sterling Sharrar, Jr., has filed a petition for writ of habeas corpus against respondents, Sheriff James Telb and Judge James D. Bates. Petitioner brings this proceeding to contest a change/increase in the amount of bail as a condition of his release as issued by the Lucas County Court of Common Pleas.
 {¶ 2} R.C. 2963.13 provides that a person arrested and held as a fugitive from justice under R.C. 2963.11 or R.C. 2963.12 may be confined up to 30 days to "enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused furnishes bail or until he is legally discharged." This confinement may be extended by another 60 days, and the prosecution need not request such extension. See R.C. 2963.15; State v. Haynes (1982), 8 Ohio App.3d 119. Although R.C. 2963.14 authorizes the court to release such fugitive on bail by bond, this section applies only to those persons awaiting service of the governor's warrant for extradition.
 {¶ 3} Once the warrant has been served, the prisoner may apply for a writ of habeas corpus to test the legality of his arrest. R.C. 2963.09. At this point, however, the prisoner is not absolutely entitled to release on bond. See Ruther v. Sweeney (App. 1956), 75 Ohio Law Abs. 385. Any prior bail or bond conditions imposed by the court may be reviewed, since after service of the warrant, the prisoner is to be transported to the state requesting extradition.
 {¶ 4} In this case, petitioner was first taken into custody on August 26, 2003 under sections 2963.11 or 2963.12. In response to a writ of habeas corpus filed on October 7, 2003, the court released petitioner on a supervised "own recognizance" bond. A hearing was then scheduled for November 4, 2003. On that date, when petitioner appeared in court, he was served and arrested pursuant to a governor's warrant. The trial court then revoked the OR bond and imposed a $10,000 cash only bond.
 {¶ 5} Petitioner argues that the extension of his confinement was improper and that no change in circumstances warranted the increase in bond. Petitioner's contentions are without merit.
 {¶ 6} As noted previously, the trial court was authorized to keep petitioner in confinement for a total of 90 days while awaiting service of the governor's warrant. Petitioner's release on an OR bond was at the discretion of the trial court. After petitioner was served and arrested pursuant to the official governor's warrant, a new phase of the extradition proceedings began. The trial court was then authorized to impose more stringent conditions in order to assure petitioner's appearance. Therefore, since the trial court had jurisdiction to increase the bond, petitioner is not entitled to be released.
 {¶ 7} Accordingly, petitioner's application for habeas corpus is denied. Court costs of this proceeding are assessed to petitioner.
APPLICATION DENIED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J. and Arlene Singer,J., CONCUR.