OPINION
{¶ 1} Defendant-appellant Paul Neal appeals his conviction and sentence on one count of Receiving Stolen Property, a felony of the fourth degree, in violation of R.C. 2913.51 (A). Plaintiff-appellee is the State of Ohio.
 {¶ 2} On or about September 15, 2003 appellant was originally arrested and charged in the Delaware County Municipal Court with three counts of Receiving Stolen Property. Appellant was released from jail two days later. Appellant left the State of Ohio and traveled to Florida where he was arrested on felony charges on October 4, 2003. A $40,000 bond was set on the felony charges in Florida. Appellant was indicted October 10, 2003 in the Delaware County Court of Common Pleas on three counts of Receiving Stolen Property. Appellant waived extradition, but remained incarcerated on felony charges in the State of Florida. Upon completion of the prison sentence imposed for the Florida case, appellant was returned to Delaware County on August 17, 2004. Upon his return to Ohio appellant was arrested and placed in the Delaware County Jail. He was arraigned in the case at bar on August 19, 2004.
 {¶ 3} Appellant's case was originally set for trial on September 30, 2004. A public defender was appointed to represent him. On September 20, 2004 the appellant advised the court that he wished to represent himself throughout the remainder of proceedings. Accordingly the public defender filed a motion to withdraw as appellant's counsel. After an extensive in-court dialogue to insure that appellant understood the nature of his request the trial court allowed the appellant to proceed pro se, but appointed Attorney Chad Heald as standby counsel. Because of the appellant's request to represent himself the trial was postponed until November 23, 2004.
 {¶ 4} Appellant filed multiple motions for relief throughout the case including a motion to dismiss. The appellant alleged that his speedy trial rights were violated because more than 270 days had passed between the time he waived extradition from the State of Florida and the time that he was actually brought back to the State of Ohio. Appellant further filed a motion to suppress oral statements and video statements, a motion to suppress physical evidence, and a motion to release property. The trial court conducted a three-day hearing on all of the motions brought by the appellant and subsequently denied each motion. During the course of these hearings appellant advised the trial court that he wished to abandon his earlier request to proceed pro se and instead wanted to be represented by counsel. Standby counsel Chad Heald was appointed as appellant's counsel.
 {¶ 5} On November 22, 2004 appellant withdrew his former not guilty plea and entered a plea of guilty to one count of Receiving Stolen Property. In turn, the State dismissed counts one and two of the indictment. The trial court sentenced appellant on January 3, 2005 to 18 months in prison.
 {¶ 6} Appellant timely appealed and has raised the following three assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO THE MAXIMUM PRISON TERM.
 {¶ 8} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE DEFENDANT'S MOTION FOR THE DISMISSAL OF THE INDICTMENT BASED UPON THE VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.
 {¶ 9} "III. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A NON-MINIMUM PRISON TERM BASED ON FACTS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT."
 I. III. {¶ 10} In his First Assignment of Error, appellant challenges the trial court's imposition of a maximum sentence. Appellant submits although the trial court made several findings, it failed to make the findings necessary to justify imposing a maximum sentence pursuant to R.C. 2929.14(C), i.e., a finding appellant committed the worst form of the offense and/or a finding appellant posed the greatest likelihood of committing future crimes.
 {¶ 11} In his Third Assignment of Error, appellant contends the trial court erred in sentencing him to the maximum prison term based upon facts not found by the jury or admitted by appellant, in contravention of Blakely v. Washington (2004), 542 U.S. ___, 159, L.E.2d 403, 124 SCt. 2531. We will address these assignments of error together as they both concern the trial court's imposition of sentence.
 {¶ 12} R.C. 2953.08 permits this court to review and modify a maximum sentence if the record does not support the sentencing court's findings, or if the sentence is contrary to law. Our standard of review is clear and convincing evidence. Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation reports; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statement made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08 (F) (1) through (3); State v.Mills (September 25, 2003), 5th Dist. No. 03-COA-001. The sentence imposed by the trial court should be consistent with overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 14} In State v. Evans, 102 Ohio St.3d 240,2004-Ohio-2659, the Ohio Supreme Court stated "R.C. 2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion". Id. at syllabus.
 {¶ 15} R.C. 2929.14 (C) provides a trial court may only impose a maximum prison term for offenders who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, on certain major drug offenders, and upon certain repeat violent offenders. The trial court must also provide its reasons, and if it does not, the matter must be remanded for re-sentencing.
 {¶ 16} This statute is to be read in the disjunctive. Statev. Comersford (June 3, 1999), Delaware App. No. 98CAA01004, unreported. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed categories apply. "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence." State v.Redman, Stark App. No. 2002CA00097, 2003-Ohio-646.
 {¶ 17} In the case at bar, the trial court noted that appellant was on probation at the time of the offense in this case. (Sentencing Transcript, Jan. 3, 2005 at 8-10). [Hereinafter cited as "ST."]. The court further noted appellant has an extensive criminal record dating from 1978 to the present in several states, including Ohio. (Id. at 10-11). Appellant has served time in prison. (Id. at 11). Appellant has several parole violations which resulted in his return to prison. (Id. at 12). While on bond in this case appellant committed other offense in the State of Florida. (Id. at 13). The court specifically found that appellant poses the greatest likelihood for recidivism. (Id. at 13-14). The court outlined its reasons that appellant was a "career criminal" and that the offenses were part of "organized criminal activity." (Id. at 13-14).
 {¶ 18} Based on the foregoing, we hold the trial court sufficiently stated its findings and reasons under R.C.2929.14(C), and we conclude appellant has failed to demonstrate a reversible maximum sentence error under the circumstances of this case.
 {¶ 19} In his third assignment of error, appellant contends the trial court erred in sentencing him to the maximum prison term based upon facts not found by the jury or admitted by appellant, in contravention of Blakely v. Washington (2004), 542 U.S. ___, 159, L.E.2d 403, 124 SCt. 2531.
 {¶ 20} In Blakely, the United States Supreme Court held: "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant. See Ring, supra, at 602,122 S.Ct. 2428, ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (quoting Apprendi, supra, at 483, 120 S.Ct. 2348); Harris v.United States, 536 U.S. 545, 563, 122 S.Ct. 2406,153 L.Ed.2d 524 (2002) (plurality opinion) (same); cf. Apprendi, supra, at 488, 120 S.Ct. 2348, (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,' Bishop, supra, 87, at 55, and the judge exceeds his proper authority." Id. at 2537 (Emphasis in original).
 {¶ 21} In Blakely, the petitioner pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the petitioner was subject to a maximum sentence of 53 months imprisonment. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. at 2533. The United States Supreme Court determined the State of Washington's sentencing scheme violated the petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.
 {¶ 22} This court has previously held a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C.2929.14(B) before a judge may impose a prison sentence for the conviction of a third, fourth or fifth degree felony. State v.Iddings (Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, Statev. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051,2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752.
 {¶ 23} Accordingly, appellant's First and Third Assignments of Error are overruled.
 II. {¶ 24} In his Second Assignment of Error appellant argues that the trial court erred in denying his motion to dismiss the indictment. Appellant asserts that the time period between his initial arrest on September 15, 2003 and his arraignment on August 19, 2004 violated his right to a speedy trial guaranteed by R.C. 2945.71. We disagree.
 {¶ 25} Initially, we note that a speedy trial claim involves a mixed question of law and fact. See State v. Kuhn (June 10, 1998), 4th Dist. No. 97 CA 2307; State v. Kimble (Nov. 5, 1997), Vinton App. No. 96CA507; State v. Boso (Sept. 11, 1996), Washington App. No. 95CA10; State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136. See, also, U.S. v. Smith (C.A.6, 1996), 94 F.3d 204, 208; U.S. v. Clark (C.A.11, 1996),83 F.3d 1350, 1352. As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Kimble; Boso;Howard.
 {¶ 26} When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. In Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the court referred to its prior admonition "to strictly construe speedy trial statutes against the state." See, also, State v. Martin (1996),113 Ohio App.3d 606, 608, 681 N.E.2d 970, 971. In State v. Cloud (Sept. 12, 1997), Greene App. No. 96CA99, unreported, the court additionally specified that "the duties which those statutes impose upon the state must be strictly enforced by the courts."
 {¶ 27} The record in the case at bar contains a document titled "Written Text of Rule 11(F) Negotiations," which was signed by appellant and filed with the trial court on November 22, 2004. The document details that appellant will enter a plea of "guilty" to one count of Receiving Stolen Property; the State will then dismiss Counts One and Two of the Indictment and release non-contraband property which was located in appellant's vehicle to appellant's attorney. (Id.). In addition to appellant, the Prosecutor and appellant's trial counsel signed this form. Also on November 22, 2004, appellant executed a "Withdrawal of Former Plea of Not Guilty to Indictment, Written Plea of Guilty to Count Three of the Indictment and Judgment Entry of Guilty Plea." In this document appellant enters a plea of "Guilty" to one count of Receiving Stolen Property.
 {¶ 28} We note appellant failed to present this court with the transcript of the appellant's change of plea hearing. InKnapp v. Edwards Laboratories (1980), 61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 29} The Supreme Court of Ohio, with regard to the effect of a plea of guilty upon the right to challenge a conviction based upon a lack of speedy trial, has held that: "[a] plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C.2945.71(B)(2). (Montpelier v. Greeno [1986], 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581, applied and followed.)" State v.Kelley (1991), 57 Ohio St.3d 127, paragraph one of the syllabus. See, also, Tollett v. Henderson (1973), 411 U.S. 258; Brady v.United States (1970), 397 U.S. 742; McMann v. Richardson
(1970), 397 U.S. 759.
 {¶ 30} In the case sub judice, the appellant's plea of guilty resulted in the waiver of the right to challenge his conviction based upon an alleged lack of speedy trial.
 {¶ 31} We would overrule appellant's Second Assignment of Error even if we were to find appellant's plea of guilty did not constitute a waiver.
 {¶ 32} A person charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(C) (2). That period is reduced to 90 days if the accused is being held in jail solely on the pending charge. However, running of the statute is tolled for periods of time the accused is confined in another state, or during pendency of extradition proceedings in another state. R.C. 2945.72(A).
 {¶ 33} Appellant argues that once he signed a waiver of extradition in the State of Florida, the time was not extended within which to bring him to trial. Thus, appellant concludes the triple count provision contained in R.C. 2945.71(E) applied and began to run upon his signing of the waiver.
 {¶ 34} In State v. Davis, 5th Dist. No. 01-CA-67, 2002-Ohio-2502, this Court noted "[a]lthough appellant signed a waiver of extradition, the extradition proceedings were still pending for purposes of R.C. 2945.71(A). A proceeding is pending when the power of the tribunal to grant that relief is invoked and until the relief is granted or denied. For purposes of R.C.2945.72(A), an `extradition proceeding' is one commenced by a jurisdiction that has custody of a person which seeks to send him to another jurisdiction, not merely a proceeding held to waive any objection to extradition that the accused might invoke. (Emphasis sic.) State v. Patrick (June 14, 1996), Montgomery App. No. 15225, unreported, at 2.
 {¶ 35} "As such, we conclude that under R.C. 2945.72(A), extradition proceedings remained pending even though appellant signed a waiver of extradition and the triple count provision did not apply to the one hundred thirty-five days at issue. The application of R.C. 2945.72(A) does not toll the time limit absolutely, but merely extends the time period necessary in light of the reason for the delay. See 1974 Committee Comment to H 511 . . . The Ohio speedy trial provisions, R.C. 2945.71 to 2945.73, do not apply to persons incarcerated pending the outcome of extradition proceedings". (Citing State v. Haynes (1982),8 Ohio App.3d 119, 456 N.E.2d 1279".
 {¶ 36} Additional, under Florida law, "[i]f a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the Governor, in his or her discretion, either may surrender the person on demand of the executive authority of another state or hold the person until he or she has been tried and discharged or convicted and punished in this state". F.S.A. 941.19. An identical provision was enacted in Ohio. R.C. 2963.17. Accordingly, appellant was not entitled to be immediately brought back to Ohio simply because he executed a waiver of extradition. The State of Florida could maintain custody of appellant because criminal proceedings were pending against him in Florida. Although appellant waived extradition he did not demand a speedy disposition of the charges giving rise to the detainer once he entered the Florida prison system.
 {¶ 37} Appellant's reference to R.C. 2941.401 is misplaced. If a defendant is incarcerated in the State of Ohio, R.C.2941.401 governs the time within which the state must bring him or her to trial. State v. Fowler (Sept. 4, 1987), 5th Dist. No. 87AP010009; State v. Butcher (Dec. 12, 1985), Cuyahoga App. No. 49879, unreported, affirmed on other grounds (1986),27 Ohio St.3d 28. That statute applies to individuals incarcerated in the State of Ohio. Appellant was incarcerated in the State of Florida.
 {¶ 38} The Interstate Agreement on Detainers ["IAD"] is an interstate compact to which both Ohio and Florida are parties. R.C. 2963.30; F.S.A. § 941.45. The purpose of the IAD is to encourage the orderly and expeditious disposition of charges outstanding against a prisoner and determination of the proper status of any detainers based on untried indictments, information or complaints. R.C. 2963.30 (Art. I). To achieve the purpose of the IAD, a procedure has been established which was summarized inUnited States v. Mauro (1978), 436 U.S. 340, 351,98 S.Ct. 1834, 56 L.Ed.2d 329: "* * * Article III provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer. The warden of the institution in which the prisoner is incarcerated is required to inform him promptly of the source and contents of any detainer lodged against him and of his right to request final disposition of the charges. Art. III(c). If the prisoner does make such a request, the jurisdiction that filed the detainer must bring him to trial within 180 days. Art. III (a). The prisoner's request operates as a request for the final disposition of all untried charges underlying detainers filed against him by that State, Art. III (d), and is deemed to be a waiver of extradition. Art. III (e)." (Footnote omitted.)
 {¶ 39} Pursuant to Article III (a) of R.C. 2963.30, Article III is only applicable where "a person has entered upon a term of imprisonment in a penal or correctional institution of a party state." "Thus, where a person is being temporarily held in a county jail and has not yet entered a state correctional institution to begin a term of imprisonment, Article III cannot be invoked. See Crooker v. United States (C.A.1, 1987),814 F.2d 75; United States v. Glasgow (C.A.6, 1985), 790 F.2d 446, 448, citing United States v. Wilson (C.A.10, 1983),719 F.2d 1491". State v. Schnitzler (Oct. 19, 1998), 12th Dist. No. CA98-01-008.
 {¶ 40} The United States Supreme Court has held that the one hundred eighty day time period in Article III (a) of the IAD does not begin until a prisoner's request for disposition is actually delivered to the court and the prosecuting officer that lodged the detainer against him. See Fex v. Michigan (1993),507 U.S. 43, 52, 113 S.Ct. 1085, 1091, 122 L.Ed.2d 406.
 {¶ 41} In the present case, appellant testified that he was incarcerated in the Miami County, Florida jail from October 4, 2003 until his conviction of felony charges in that State on February 11, 2004. (Transcript on Motion to Suppress and Motion to Dismiss, October 25, 2004 at 24-26). [Hereinafter cited as "DT"]. The time spent in the Miami County Jail is excluded from the speedy trial calculation. State v. Schnitzler, supra;State v. Davis, supra.
 {¶ 42} Appellant received a sentence of one year in the Department of Corrections in the State of Florida. (DT. at 24-26). Appellant was released from his Florida imprisonment on August 2, 2004. (Id. at 26-27). Appellant was returned to Delaware County on August 17, 2004. Appellant was arraigned on the charges in this case on August 19, 2004.
 {¶ 43} The record contains neither testimony nor documentary evidence that appellant actually delivered to the court and the prosecuting officer a request for disposition pursuant to Article III (a) of the IAD after his commitment to prison in the State of Florida. Therefore, he never triggered the process to cause him to be brought to trial within 180 days of his notice and request. Thus, because appellant failed to provide the requisite notice, the speedy trial time for the pending offenses was tolled while he was in prison. Cf. State v. Hairston (2004),101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471; State v. Fowler (Sept. 4, 1987), 5th Dist. No. 87AP010009. See, also State v. Bauer
(1980), 61 Ohio St.2d 83, 399 N.E.2d 555(Supreme Court held that a defendant who fails to appear at scheduled trial and whose trial must therefore be rescheduled for a later date waives his right to assert statutory speedy trial rights for that period of time which elapses from his initial arrest to the date of subsequent rearrest). Accordingly, the time period between February 11, 2004 and August 2, 2004 is excluded from the speedy trial calculation. Fex v. Michigan, supra.
 {¶ 44} The law in Ohio is that the right to a speedy trial time starts to run the day after arrest. R.C. 2945.71. However, we toll "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).
 {¶ 45} "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)". State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159 at syllabus. Appellant filed a Request for Discovery on September 1, 2004.
 {¶ 46} On September 16, 2004, appellant's appointed counsel filed a Motion to Withdrawal on the grounds that appellant wished to represent himself. The trial court scheduled a hearing on this Motion for September 20, 2004. On September 20, 2004 appellant, pro se, filed a Motion to Suppress, and a Motion to Release Property. By Judgment Entry filed September 21, 2004 appellant's attorney was permitted to withdrawal as counsel, and the trial court scheduled a hearing on appellant's remaining motions for October 25, 2004. On September 28, 2004 appellant filed a pro se Motion to Dismiss for violation of his right to a speedy trial. This motion was also heard by the trial court on October 25, 2004. The hearing on appellant's motions took place on October 25, 28, and 29, 2004. In the midst of the hearing on the motion to suppress on October 28, 2004 appellant decided that he could no longer represent himself. By Judgment Entry filed October 28, 2004, the trial court appointed appellant's stand-by counsel as trial counsel. By Judgment Entry filed October 28, 2004 the trial court overruled appellant's motion to dismiss; by Judgment Entry filed November 4, 2004 the trial court overruled appellant's motion to suppress. Appellant entered his plea of guilty to one count of Receiving Stolen Property on November 22, 2004.
 {¶ 47} It is well-established that a defendant's pre-trial motion to suppress will toll the statutory time limitations for a speedy trial. See, e.g., State v. Jackson, 11th Dist. No. 2003-A-0005, 2004-Ohio-2920; State v. Delarosa, 11th Dist. No. 2003-P-0129, 2005-Ohio-3399 at ¶ 36. Further, in State v.Bickerstaff (1984), 10 Ohio St.3d 62, 461 N.E.2d 892 the Ohio Supreme Court noted with respect to R.C. 2945.72(E): "[i]t is evident from a reading of the statute that a motion to dismiss acts to toll the time in which a defendant must be brought to trial." Id. at 67, 461 N.E. 2d 892. Accordingly, the time period between September 16, 2004 and the trial court's overruling of the appellant's motions on November 4, 2004 is not included for speedy trial purposes. In Bickerstaff, supra, the Court found no prejudice from a five month delay between the filing of the Motion to Dismiss and the trial court's ruling upon the motion. Id.
 {¶ 48} Accordingly, for purposes of R.C. 2945.71 the period from appellant's first arrest on September 15 and his subsequent release on September 17, 2003 equals three(3) days; the period between appellant's release on the charges in Florida on August 2, 2004 and the filing of appellant's attorney's motion to withdraw on September 16, 2004 equals forty-five (45) days; the period between the trial court's final ruling on appellant's motions on November 4, 2004 and the appellant's plea on November 22, 2004 equals eighteen (18) days. Therefore giving appellant the benefit of the maximum amount of elapsed time, at most only sixty-six (66) days of the ninety-day (90) time period elapsed in appellant's case.
 {¶ 49} As is illustrated above, the vast majority, if not the entire delay in this case was due to the motions, proceedings, or action made or instituted by the appellant. Appellant's trial did commence within ninety days following his arrest. Accordingly we cannot say that the actions of the trial court in the handling of appellant's motions and request were unreasonable.
 {¶ 50} Appellant's Second Assignment of Error is overruled.
 {¶ 51} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
Gwin, P.J., and Farmer, J., concur.
Hoffman, J., concurs in part; dissents in part.