ISHEE, J.,
for the Court:
¶ 1. In 1987, Antonio Williams was convicted of murder and sentenced by the Hinds County Circuit Court to life in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Because Williams had been previously convicted of burglary on two separate occasions, Mississippi’s habitual-offender statute was applied to his sentence. On direct appeal, Williams’s conviction was affirmed. In July 2009, Williams filed a motion for post-conviction relief (PCR), which was denied. Aggrieved, Williams now appeals. Finding no error, we affirm.
FACTS
¶ 2. In December 1987, a Hinds County jury convicted Williams of murder. Upon his conviction, the prosecution moved the trial court to apply Mississippi’s habitual-offender statute to Williams’s sentence. In support thereof, the prosecution introduced documents showing that Williams had been previously convicted on two separate occasions of burglary, and had served time for both convictions. Williams’s counsel made no objection to the documents. Thereafter, the trial court sentenced Williams as a habitual offender to life without eligibility for parole or probation. Williams’s subsequent appeal of the conviction was denied. See Williams v. State, 566 So.2d 469 (Miss.1990).
¶ 3. In April 2009, Williams filed a PCR motion to vacate his sentence, claiming the application of the habitual-offender statute was illegal. The trial court succinctly denied the PCR motion, stating: “The Court finds that it plainly appears from the face of the motion, exhibits and prior proceedings in the case, that Petitioner’s Motion is without merit and that the Petitioner is not entitled to any relief on his claims.”
¶4. Williams now appeals and argues the following: he received ineffective assistance of counsel during the sentencing phase of his murder conviction; application of the habitual-offender statute was illegal because his prior conviction of burglary was unconstitutional; and finally, the trial court erred by denying his PCR motion without conducting a hearing on Williams’s claims. Finding no error, we affirm.
DISCUSSION
I. Ineffective Assistance of Counsel During Sentencing
¶ 5. Williams asserts that his counsel was constitutionally ineffective during the sentencing phase of his murder conviction. It is well settled that the standard of review when discussing a claim of ineffective assistance of counsel is the two-prong analysis originally set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prove ineffective assistance of counsel, Williams must show the following: “[fjirst, ... that counsel’s performance was deficient. ... [sjecond, ... that the deficient performance prejudiced the defense.” Liddell v. State, 7 So.3d 217, 219 (¶6) (Miss.2009) (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). Furthermore, “[i]n considering a claim of ineffective assistance of counsel, an appellate court must strongly presume that counsel’s conduct falls within *322 a wide range of reasonable professional assistance.” Id. (¶ 6) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052).
¶ 6. In support of his ineffective-assistance-of-counsel claim, Williams references his trial counsel’s failure to object to the court’s consideration of documents produced by the prosecution as proof of Williams’s two prior burglary convictions. Williams argues that both of the prior convictions are unconstitutional, also due to ineffective assistance of counsel; therefore, the court’s application of the habitual-offender statute, Mississippi Code Annotated section 99-19-81 (Rev.2007), was illegal.
¶ 7. Williams asserts that his trial counsel should have raised the claims that he had received ineffective assistance of counsel in the prior convictions. Williams states that his trial counsel’s failure to advise the court of Williams’s prior alleged ineffective assistance of counsel allowed for his purportedly improper conviction in the instant case under the habitual-offender statute.
¶ 8. The Mississippi Supreme Court has recognized that where a party to a PCR motion offers only his affidavit in support of an ineffective-assistance-of-counsel claim, the claim is without merit. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). Additionally, this Court has previously held that evidence of counsel’s deficient performance must be alleged with “specificity and detail.” Kinney v. State, 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App. 1999) (citation omitted).
¶ 9. Here, while Williams assigns error as to his counsel’s performance, he only offers his own allegations as evidence. Furthermore, assuming arguendo that Williams’s allegations fulfill the evidentiary requirements for asserting an ineffective-assistance-of-counsel claim, we cannot find that any of the alleged errors prejudiced Williams’s defense.
¶ 10. As such, Williams cannot satisfy either Strickland prong. Accordingly, we affirm the trial court’s denial of Williams’s claim of ineffective assistance of counsel. This issue is meritless.
II. Constitutionality of Prior Convictions and Legality of Habitual Offender Status
¶ 11. Williams asserts that his two prior felony convictions are unconstitutional because his guilty pleas were not voluntarily and intelligently given; hence, the application of the habitual-offender statute to his sentence was unconstitutional. It is well-settled law that when reviewing the voluntariness of guilty pleas, an appellate court “will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous.” Walton v. State, 16 So.3d 66, 70 (¶ 8) (Miss. Ct.App.2009) (quoting House v. State, 754 So.2d 1147, 1152 (¶ 24) (Miss.1999)).
¶ 12. Here, Williams attempts to address the voluntariness of the guilty pleas that he entered in 1982 for two separate burglary convictions. However, Williams has never challenged the validity of his guilty pleas until this appeal. This Court is not procedurally positioned to address Williams’s arguments regarding his guilty pleas since those issues are not properly before us. Additionally, even if Williams’s claims regarding his guilty pleas were properly before this Court, the claims would be time-barred pursuant to the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5 (Supp.2010). Accordingly, Williams’s prior unchallenged convictions were valid at the time the trial court applied the habitual-offender statute to Williams’s sentence.
*323 ¶ 13. With regard to a trial court’s decision to apply the habitual-offender statute, the Mississippi Supreme Court has stated the following:
At a hearing conducted by a trial court ... for determining the defendant’s status as [a] habitual offender, the prosecution must show[,] and the trial court must determine^] that the records of the prior convictions are accurate, that they fulfill the requirements [for habitual offender status], and that the defendant sought to be so sentenced is indeed the person who was previously convicted. Once the above mentioned factors have been ascertained, the trial court is not required to go beyond the face of the prior convictions sought to be used in establishing the defendant’s status as [a] habitual offender.
Phillips v. State, 421 So.2d 476, 481 (Miss. 1982) (citations omitted).
¶ 14. In this case, the trial court considered valid prior convictions in its decision to apply the habitual-offender statute to Williams’s sentence. We cannot conclude that the trial court improperly carried out its charge when it enhanced Williams’s sentence under the habitual offender statute. Therefore, we find this issue is without merit.
III. Failure of Trial Court to Grant Hearing on PCR Motion
 ¶ 15. Williams asserts that the trial court erred in failing to grant an evidentiary hearing on his PCR motion before denying the motion. It is well settled that: “An evidentiary hearing is not necessary where the allegations in a petition for post-conviction relief are specific and conclusory.” Russell v. State, 44 So.3d 431, 434 (116) (Miss.Ct.App.2010) (quoting Cole v. State, 666 So.2d 767, 777 (Miss.1995)). “The trial court is not required to grant an evidentiary hearing on every petition it entertains.” Byrne v. State, 30 So.3d 1264, 1266 (¶ 7) (Miss.Ct. App.2010) (citation omitted).
¶ 16. In its order, the trial court in the instant case stated that all “motions, exhibits and prior proceedings in the case” had been sufficiently reviewed prior to denying Williams’s PCR motion. After reviewing the record, we agree with the trial court that an evidentiary hearing was not required prior to denying Williams’s PCR motion. Williams’s allegations lacked any disputed information that would have necessitated a hearing. His allegations were specific and conclusory. Accordingly, this issue is meritless.
¶ 17. Although Williams’s issues on appeal have been found to be without merit, the dissent raises a separate question of this Court’s jurisdiction over the instant case. The dissent argues that it is unclear whether or not Williams obtained permission from the Mississippi Supreme Court to file his appeal in the circuit court. However, neither party has asserted the issue of jurisdiction. Additionally, although the dissent raises the question of what may be on file with the Mississippi Supreme Court Clerk’s Office, no such information is contained within the record of which we are bound. Indeed, the record is deplete as to a showing of lack of jurisdiction, and this Court has no personal knowledge that we lack jurisdiction over the matter. Again, as an appellate court, we are bound by the record and the record alone in our review of Williams’s claim. See e.g. McCullough v. State, 47 So.3d 1206, 1210 (¶ 18) (Miss.Ct.App.2010) (citation omitted). Furthermore, this Court reviews approximately one hundred claims for post-conviction relief each year. For the sake of judicial economy, we decline to place the unreasonable burden upon this Court to search out every issue not raised by either party.
*324 ¶ 18. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., AND MYERS, J., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J., BARNES AND MAXWELL, JJ. RUSSELL, J., NOT PARTICIPATING.