MAXWELL, J.,
for the Court:
¶1. This is Antonio Williams’s third appellate challenge to his 1987 murder conviction. He argues his counsel was ineffective, his plea was involuntary, his speedy-trial right was violated, and his prior qualifying convictions for habitual-offender status were illegal.[1] Just as the trial judge’s review of Williams’s claims was impeded, so' is ours. After review, we find we lack jurisdiction over his time-barred and successive-writ barred motion for post-conviction relief (PCR). We thus dismiss.
Facts, Procedural History, and Discussion
¶2. On July 27, 1982, Williams was convicted of two counts of burglary. He was sentenced to three years’ imprisonment on Count I and five years’ imprisonment on Count II. On December 8, 1987, ' Williams was convicted of murder. Because Williams was a habitual offender, the circuit court sentenced him to life imprisonment without eligibility for probation or parole.
¶ 3. In 1990, our supreme court affirmed Williams’s direct appeal of his murder conviction and sentence. Williams v. State, 566 So.2d 469, 472 (Miss.1990). And on November 6, 2003, the supreme court denied Williams’s first application for leave to proceed with a PCR motion. See Williams v. State, 65 So.3d 319, 325 (¶ 22) (Miss.Ct.App.2011) (Roberts, J., dissenting).
¶ 4. Williams then filed a second application for leave to file a PCR motion in 2006, which our supreme court also denied by order dated November 15, 2006. Id. Yet still lacking permission to seek PCR relief, in April 2009, Williams filed a PCR motion, which the circuit court dismissed. We affirmed the dismissal of Williams’s PCR motion. Williams, 65 So.3d at 324 (¶ 18). Even though nothing in the record showed Williams obtained permission to file a PCR motion,[2] we addressed the Hier- *332 its of his PCR appeal because neither party raised jurisdiction. Id. at 328 (¶ 17). We found Williams’s trial counsel was not ineffective by not objecting when the trial judge considered documents identifying his two prior burglary convictions. Id. at 322 (¶ 10). And we noted Williams’s challenge to the voluntariness of his 1982 guilty pleas was time-barred. Id. at (¶ 12).
¶ 5. On May 24, 2012, Williams filed a motion to vacate the judgment and sentence with the circuit court. The circuit judge treated the filing as a PCR motion. The judge found Williams’s claims were barred, so he summarily dismissed Williams’s motion.
¶ 6. On July 12, 2013, Williams filed in the supreme court a third motion for leave to file a PCR motion. And on October 9, 2013, our supreme court once again denied the application, emphasizing this was Williams’s third request. Our high court further noted Williams had failed to prove ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and there were no exceptions to the time-bar and subsequent-writ bar. Our supreme court also warned that Williams’s future filings that are not excepted from procedural bars may be deemed frivolous and result in sanctions.
¶ 7. On November 5, 2013, Williams appealed the dismissal of his 2012 motion to vacate, which the circuit court treated as a PCR motion and dismissed. Because Williams failed to obtain permission from our supreme court to file his May 24, 2012 PCR motion, we find the circuit court lacked jurisdiction to entertain his PCR motion. See Miss.Code Ann. § 99-39-7;[3] see also Williams v. State, 98 So.3d 484,
487 (¶ 9) (Miss.Ct.App.2012). So too does this court. We dismiss.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. He argues his two 1982 burglary convictions were illegal because his counsel was ineffective and his pleas involuntary.

. See Miss.Code Ann. § 99-39-7 (Supp.2013) ("Where the conviction and sentence have been affirmed on appeal ..., [a PCR] motion ... shall not be filed in the trial court until > the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, ... and an order granted al *332 lowing the filing of such motion in the trial court.”).

. Williams's PCR challenge is also time-barred and subsequent-writ barred. See Miss. Code Ann. §§ 99-39-5(2) (Supp.2013) & 99-39-23(6) (Supp.2013).