# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00575-SCT

*ANTONIO WILLIAMS*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/13/2013 |
| TRIAL JUDGE: | HON. JEFF WEILL, SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTONIO WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: STEPHANIE B. WOOD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF DISMISSAL BY THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED - 02/26/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Antonio Williams filed a motion for post-conviction relief in the Hinds County Circuit Court. The circuit judge summarily denied his motion, and Williams appealed. We assigned his case to the Court of Appeals, which dismissed his motion for lack of jurisdiction. We granted Williams's petition for certiorari, and we now affirm the circuit judge's denial of his motion on the merits.

¶2. In 1982, Williams pleaded guilty to two counts of burglary. The trial judge sentenced him to three years' imprisonment on one count, and five years' imprisonment[1] on the other count. Then, in 1987, a jury convicted Williams of murder. The trial judge sentenced him to life without parole as a habitual offender under Mississippi Code Section 99-19-81,[2] based on his two prior burglary convictions. This Court affirmed Williams's murder conviction in 1990. *See Williams v. State*, 566 So. 2d 469 (Miss. 1990). Williams subsequently filed several motions for post-conviction relief challenging his murder conviction, but those motions are irrelevant to this appeal.[3]

¶3. On May 24, 2012, Williams filed a motion for post-conviction relief in the Hinds County Circuit Court. In it, Williams—for the first time—challenged his burglary convictions. Williams argued that "during the entry of his guilty pleas," he was "denied his Sixth Amendment right to the effective assistance of counsel." Specifically, Williams argued that his counsel failed to inform him of an alleged speedy-trial violation before advising him to plead guilty to one of the counts. According to Williams, "this was an affirmative defense that was available to [him], and had [his] trial counsel properly advised [him] of this

---

[1]It appears from the record that Williams's five-year sentence was suspended, but that the suspension was later revoked.

[2]"Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code. Ann. § 99-19-81 (Rev. 2007).

[3]For a more detailed account of Williams's prior motions for post-conviction relief, see *Williams v. State*, 2014 WL 2462998 (Miss. Ct. App. June 3, 2014).

affirmative defense, [he] would not have entered a plea of guilty to that charge." Williams also argued that his trial counsel "used coercion by promising [him] a suspended sentence" in the second count, when a suspended sentence allegedly was not statutorily available.

¶4. Williams concluded that, because of the alleged Sixth Amendment violation, his guilty pleas could not "be considered to have been given voluntarily and intelligently." Thus, Williams posited, because of his counsel's ineffectiveness, his "conviction and sentences [in the burglary cases] were illegal sentences." Finally, Williams argued that he had been prejudiced by the alleged ineffectiveness, because his burglary convictions had been "used to charge [him] as an habitual offender [in his murder case]." He asked the circuit court to render both burglary convictions "null and void."

¶5. The circuit judge summarily denied Williams's motion, stating that "it plainly appears from the face of the motion, exhibits and prior proceedings in this case, that [Williams] is not entitled to post-conviction collateral relief, pursuant to Miss. Code Ann. § 99-39-27." The circuit judge did not elaborate on his reasons for the denial, but it is clear from the language of his order that the denial was on the merits. It is also clear from Williams's motion that he was challenging his burglary convictions and not his murder conviction.

¶6. Williams appealed, and we assigned the case to the Court of Appeals. But rather than reviewing Williams's appeal on the merits, the Court of Appeals found that the circuit court had lacked jurisdiction to entertain Williams's motion, because he had not obtained permission from this Court prior to filing there. *Williams*, 2014 WL 2462998, at *2. As such, the Court of Appeals found that it, too, lacked jurisdiction and dismissed Williams's appeal. *Id.* We granted Williams's petition for certiorari. After review, we agree with

3

Williams that the circuit court had jurisdiction to hear his motion, but we also find that the circuit judge did not err when he denied it.

¶7. The Court of Appeals found that the circuit court lacked jurisdiction because Williams had "failed to obtain permission from our supreme court to file his [motion]," citing Mississippi Code Section 99-39-7. But Section 99-39-7's requirement that a defendant seek leave from this Court is inapplicable here, because Williams did not appeal his burglary convictions:

> The motion under this article *shall be filed as an original civil action in the trial court*, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. *Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed*, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7 (Rev. 2007) (emphasis added). The Court of Appeals would have been correct to require Williams to file for leave in this Court if he was filing a motion for post-conviction relief in his murder case. But as stated earlier, it is clear to us from Williams's motion and from his brief on appeal that he is challenging his burglary convictions. And because Williams did not appeal those convictions, leave from this Court is not required.

¶8. So while we agree with Williams that the circuit court had jurisdiction to hear his motion, we also find that the circuit judge did not err when he denied it. The circuit judge found that it "plainly appeared" from the face of Williams's motion that he was not entitled to relief, and we agree. Mississippi Code Section 99-39-27(5) states:

4

*Unless it appears from the face of the application, motion, exhibits and the prior record* that the claims presented by those documents are not procedurally barred under Section 99-39-21 and that *they further present a substantial showing of the denial of a state or federal right, the court shall by appropriate order* **deny** *the application.*

Miss. Code Ann. § 99-39-27(5) (Supp. 2014) (emphasis added). Because we find that Williams's motion presents no "substantial showing of the denial of a state or federal right," we affirm the judgment of the circuit judge.

¶9. Williams first contends that he had a meritorious speedy-trial claim and that his trial counsel was ineffective for failing to advise him of that. But a review of Williams's motion reveals just the opposite. Williams alleges that he was arrested on September 2, 1980, for his first burglary charge, and that he did not plead guilty to that charge until July 27, 1982. But Williams also acknowledges that he was released on his own recognizance on January 13, 1981, and that he *failed to appear for trial* on February 3, 1981. A bench warrant was issued for his arrest on February 9, 1981.

¶10. In short, Williams was imprisoned for a little more than four months before he was released, and he did not reappear until he was arrested for his second burglary charge in early July 1982. As such, he cannot now complain that his right to a speedy trial was violated, as he failed to appear for his February 3, 1981, trial date and absconded for the lion's share of the delay. *See, e.g.,* **State v. Haynes**, 8 Ohio App. 3d 119, 121 (Ohio Ct. App. 1982) ("[W]here an accused actively absents himself from a trial, escapes, absconds, becomes a fugitive, or resists extradition proceedings intended to bring him to trial, he is generally not entitled to the constitutional protection afforded by the Speedy Trial Clause."). And because

5

Williams's speedy-trial claim fails, his counsel was not ineffective for allegedly failing to advise him of such.

¶11. Williams also contends that his trial counsel erroneously promised him a suspended sentence on his second burglary charge, which induced him to plead guilty to that charge. Williams now claims that the suspended sentence was "illegal" pursuant to Mississippi Code Section 47-7-33(1).[4] Williams sums up his argument this way:

> [T]rial counsel was deficient in not investigating the law in relation to the Petitioner prior to advising the Petitioner to enter a plea of guilty. Had trial counsel properly advised the Petitioner of the law in relation to the Petitioner's case, he would have never gave [sic] up his constitutional rights by pleading guilty to a sentence which the court was without legal authority to give.

¶12. But this argument is easily dismissed as well, as this Court repeatedly has held that no error occurs when a defendant's sentence is illegally *lenient*. *See, e.g., **Sweat v. State***, 912 So. 2d 458, 461 (Miss. 2005) ("[W]hen the error benefits the defendant in the form of a more lenient sentence, it is harmless error."). So even assuming for purposes of argument that

---

[4]At the time Williams was convicted, Section 47-7-33(1) stated, in pertinent part:

> When it appears to the satisfaction of any circuit court or county court in the State of Mississippi; having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in termtime or in vacation, shall have the power, after conviction or a plea of guilty, *except* in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed *or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof*, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided . . . .

Miss. Code Ann. § 47-7-33(1) (Rev. 2011). We decline to address whether Williams's suspended sentence was "illegal" under this statute, because it is unnecessary for our ultimate disposition.

6

Williams's suspended sentence in his second burglary charge was "illegal," it means only that he was sentenced to no prison time, when incarceration certainly was an option for the circuit judge. And because no sentencing error occurred, Williams's counsel was not ineffective for allegedly "inducing" him to plead guilty based on that.

¶13. As a final note, we disagree with the Court of Appeals that Williams's motion is barred as a successive writ, as this is his first challenge to his burglary convictions. *Williams*, 2014 WL 2462998, at *2 n.3. But because Williams has failed to meet any recognized exception to the time bar and has failed to make a substantial showing of the denial of a state or federal right, we agree with the Court of Appeals that Williams's motion is time-barred as well. *Id. See Rowland v. State*, 98 So. 3d 1032, 1035-36 (Miss. 2012).

¶14. The Court of Appeals erred when it held that neither it nor the circuit court had jurisdiction to hear Williams's motion for post-conviction relief. But we have reviewed Williams's motion, and we find that the circuit judge did not err when he denied it on the merits. We therefore vacate the Court of Appeals' dismissal of Williams's appeal and affirm the judgment of the Hinds County Circuit Court.

¶15. **THE JUDGMENT OF DISMISSAL BY THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

7