# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00217-COA

**CHRISTOPHER LEIGH HAMILTON A/K/A**          **APPELLANT**
**CHRISTOPHER L. HAMILTON**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2022 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER LEIGH HAMILTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/06/2023 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2022-CP-00218-COA

**CHRISTOPHER LEIGH HAMILTON A/K/A**          **APPELLANT**
**CHRISTOPHER L. HAMILTON**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2022 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER LEIGH HAMILTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/06/2023 |

MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. The circuit court denied Christopher Hamilton's third and fourth motions for post-conviction collateral relief (PCR) as time-barred, successive, barred by res judicata, and without merit. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In March 2017, Hamilton pled guilty in the Lincoln County Circuit Court to two counts of attempted murder. On April 3, 2017, the circuit court sentenced him to forty years in the custody of the Mississippi Department of Corrections for Count I, with five years suspended and thirty-five years to serve, and five years of post-release supervision. For Count II, he was sentenced to serve thirty years in custody. The sentences were ordered to run consecutively for a total of sixty-five years to serve.

¶3. Hamilton has since filed a series of PCR motions. In March 2020, Hamilton filed a PCR motion requesting the circuit court to order his sentences to run concurrently rather than consecutively. The circuit court denied the motion. In December 2020, Hamilton filed a PCR motion arguing that his guilty pleas were involuntary because he had not been advised of the minimum and maximum sentences for attempted murder. The circuit court denied the motion as time-barred and without merit because the plea-hearing transcript contradicted Hamilton's assertion that he was not advised of the possible sentences. Hamilton did not appeal the denials of his first two PCR motions.

¶4. In July 2021 and December 2021, Hamilton filed his third and fourth PCR motions, which are the subjects of these appeals. He asserted (1) that his due process rights were violated and that his guilty pleas were involuntary because he had not been informed that his sentences carried "mandatory time," and (2) that his sentence in Count I is illegal because the circuit court impermissibly suspended a portion of the sentence. On January 31, 2022, the circuit court entered two identical orders denying the motions as time-barred, successive, barred by res judicata, and without merit. Hamilton filed separate notices of appeal, and this Court consolidated the appeals.

## STANDARD OF REVIEW

¶5. "We review a circuit court's 'dismissal or denial of a PCR motion for abuse of discretion' and decline to reverse unless 'the circuit court's decision is clearly erroneous.' We review questions of law de novo." *Taylor v. State*, 348 So. 3d 1017, 1019 (¶4) (Miss. Ct. App. 2022) (quoting *Hunt v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021)).

## ANALYSIS

### I. Hamilton's PCR motions are barred.

¶6. Under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion must be filed within three years of the judgment of conviction following a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). The circuit court entered the judgment of conviction sentencing Hamilton on April 3, 2017. Hamilton filed his third and fourth PCR motions over four years later in July and December 2021. Because the PCR motions were not filed within three years of the judgment of conviction, they were time-barred.

3

¶7. Hamilton's PCR motions are also barred as successive under the UPCCRA. An order that grants relief, denies relief, or dismisses a PCR motion bars any second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). The circuit court denied the two prior PCR motions Hamilton filed. Thus, the current motions are barred as successive.

## II. Hamilton has not asserted a valid exception to the statutory bars.

¶8. For Hamilton's claims to survive the time-bar and successive-motions bar, he must demonstrate a statutory exception under the UPCCRA. The UPCCRA provides exceptions to the statutory bars for (1) an intervening decision of the Mississippi Supreme Court or United States Supreme Court that "would have actually adversely affected the outcome of his conviction or sentence," (2) newly discovered evidence that is "of such nature that it would be practically conclusive" that it would have caused a different outcome if introduced at trial, (3) the testing of certain biological evidence, (4) claims that the movant's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked," and (5) certain motions for relief in cases where the death penalty is imposed. Miss. Code Ann. §§ 99-39-5(2) & -23(6).

¶9. Hamilton argues (1) that he was deprived of due process and that his guilty pleas were involuntary because he had not been advised that he would have to serve "mandatory time" for attempted murder, and (2) that one of his sentences is illegal because the circuit court impermissibly suspended a portion of the sentence.

¶10. Hamilton's claims do not fall within any exception to the UPCCRA's statutory bars. Rather, Hamilton asserts that his claims are excepted by the judicially crafted

4

"fundamental-rights exception" to the bars. *See Duncan v. State*, 226 So. 3d 127, 129 (¶10) (Miss. Ct. App. 2017) ("The right to be free from an illegal sentence has specifically been held as one of the fundamental-rights exceptions to the procedural bars."); *but see Wallace v. State*, 350 So. 3d 644, 653 (¶23) (Miss. Ct. App. 2022) ("[I]nvoluntary-guilty-plea claims do not fall under the fundamental-rights exception."). The Mississippi Supreme Court recently overruled any precedent that has held "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023). Based on the supreme court's holding in *Howell*, we conclude that Hamilton's claims fail to apply to or overcome the UPCCRA's litigation bars.

¶11. We note that although barred, Hamilton's arguments have no merit. First, Hamilton's argument that he was not informed of his parole eligibility is without merit. *Magee v. State*, 340 So. 3d 297, 302 (¶16) (Miss. 2022) ("Because parole is a matter of legislative grace, parole eligibility or non-eligibility is not considered a 'consequence' of a guilty plea. . . . Therefore, it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted."). Second, in arguing that the circuit court improperly suspended a portion of his sentence, Hamilton cites Mississippi Code Annotated section 47-7-33(1) (Rev. 2015), which states that trial courts "shall have the power . . . to suspend the imposition or execution of sentence, and place the defendant on probation" "*except in a case where . . . life imprisonment is the maximum penalty which may be imposed . . . .*" (Emphasis added). Hamilton argues that

5

because attempted murder carries a possible life sentence, the circuit court had no authority to suspend a portion of his sentence. Here, because Hamilton was sentenced by a judge rather than a jury, the maximum sentence was not life imprisonment. Only a jury can impose a life sentence for attempted murder. Miss. Code Ann. § 97-1-7(2) (Rev. 2020). Thus, the exception in section 47-7-33(1) is inapplicable. Regardless, even if Hamilton's assertion were correct, a defendant cannot complain of an "illegally lenient" sentence. *Williams v. State*, 158 So. 3d 309, 313 (¶12) (Miss. 2015).

## CONCLUSION

¶12. Hamilton's third and fourth PCR motions are time-barred and barred as successive by the UPCCRA. The circuit court's orders denying the relief requested in the PCR motions are affirmed.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

6